## WESCOTT *v.* ECCLES.

AN APPEAL FROM A JUSTICE'S COURT TO THE DISTRICT COURTS is taken by the filing and service of a notice of appeal, the filing of the required untaking, and the payment of the costs of the justice, including the costs of the transcript. When an appellant has performed these conditions his appeal has been perfected, and his right to a trial in the district court is as absolute as though the case had been begun in that court.

WHEN AN APPEAL HAS BEEN PERFECTED FROM A JUDGMENT IN A JUSTICE'S COURT, it is the duty of the justice to transmit the papers to the clerk of the district court, and when they are received by him they are filed, whether he ever indorsed the filing on them or not.

A PARTY CAN NOT, BY A RULE OF COURT, be deprived of a statutory right.

APPEALS FROM JUSTICES' COURTS, DISMISSAL OF.—An appeal from a judgment in a justices' court can not be dismissed by the district courts, except where there exists such an informality in and disregard of the manner and form prescribed by the statute for taking and perfecting it as renders it ineffectual; in other words, no appeal.

APPEAL from the third district court. The opinion states the facts.

*Sutherland & McBride*, for appellant.

The plaintiff himself docketed the case in the district court, and thus submitted himself to its jurisdiction. His act was a waiver of all objections: *McComb* v. *Johnson*, 47 Mich. 592; *Coppernoll* v. *Ketchum*, 56 Barb. 111; *Seymour* v. *Judd*, 2 N. Y. 464; *Pierce* v. *Rehfuss*, 35 Mich. 53; *Falkner* v. *Beers*, 2 Dougl. 117; *Lane* v. *Leech*, 44 Mich. 166; *Dake* v. *Miller*, 15 Hun, 366; *Clapp* v. *Graves*, 26 N. Y. 419; *Barker* v. *Ins. Co.*, 24 Wis. 630; *Lowe* v. *Stringham*, 14 Id. 222.

It is not claimed that there is any defect in the proceedings to appeal. Nor is it claimed or true in fact that the appeal had not been perfected, or was halting on the way from the justice's court. The appeal was complete; and the case stood on the docket, and in a condition to be tried when reached.

The plaintiff made his motion on the assumption that what he did in docketing the case on the twenty-second of September, 1882, was a necessary ceremony, in the clerk's office, to put the case in a condition to be tried in the district court.

If this assumption be true, then the plaintiff was bound to make a motion based on that default, while the case was hindered and suspended by it. By docketing the case he waived the objection, and left nothing upon which the court could judicially act; for it is opposed to well-settled principles to strike a case from a docket for a default or irregularity after the complaining party has himself voluntarily put it on the docket.

He asks the court to undo what he has done himself.

But that assumption is without foundation. Three things only are required to perfect an appeal: filing notice of appeal, service of it, and filing the undertaking on appeal: Comp. L. 557, secs. 579, 583; Coker on Superior Court, 50 Cal. 178.

On appeal being perfected, all other acts necessary to put the case in condition to be tried in the appellate court are either acts necessary to be done in the due prosecution of the action or of the appeal. They are not acts necessary to prosecute the appeal, so that the appellant can be charged with default in neglecting them, unless the statute has required these acts to be done by him, and it has not.

Payment of the costs before the justice and for making

return to the appeal has been made, and the transcript made; and no question arises as to these acts.

The transcript was placed in the hands of the clerk of the appellate court. From that point costs have to be incurred for every step taken, and so far as they are necessary to the progress of the case the plaintiff must pay them.

These costs are not required of the appellant as a condition to taking the appeal. He is no more required to advance costs than other defendants in the district court: *People* v. *Elkins,* 40 Cal. 642.

The undertaking on appeal secures these, among other costs, as the " costs on the appeal;" it would be absurd to suppose the statute intended to require the appellant to pay, during the progress of the case, the very costs he gives an undertaking for. The district court has no power to dismiss an appeal which has been regularly taken and perfected.

The appellate court by such appeal acquires jurisdiction solely to try the case anew: Comp. L. 557, sec. 580.

When an appeal has been perfected, and the transcript taken to the clerk of the district court, the appellant has done all that is required of him to entitle him to a new trial. The judgment below is vacated: Poland Bill, sec. 3; Comp. L. 54.

We have no statute authorizing the dismissal of an appeal for anything after the appeal is perfected.

The rule of the district court stated in the record is of no validity. This court has the exclusive power to prescribe rules: Comp. L. 559, sec. 558.

The power to regulate by rule, given by section 580, was attempted to be given to the probate court; it has never been given to the district court. No court had power to make such a rule as was made. The statute imposes the duty on the justice to transmit the transcript, and this rule imposes a penalty on the appellant for the justice's neglect, if he neglect to perform the duty after the appeal has been perfected.

This rule purports to impose an absurd duty on the appellee, and to give him an affirmance of the judgment if he neglects to perform it. The district court, however, has no power to affirm the judgment; it has only power to try the case anew.

*Arthur Brown* and *M. M. Kaighn*, for the respondent.

No brief on file.

EMERSON J.:

This action was commenced in a justice's court. On the trial in that court, the plaintiff recovered a judgment for two hundred and seventy-five dollars damages and seven dollars costs, which was rendered by the justice October 28, 1881, and the defendant appealed to the district court, On the seventh day of November, 1881, the appeal bond having been filed, notice of appeal served and filed, and the cost of the justice, including transcript, paid, the appeal was perfected. The justice deposited, on the twelfth day of November, 1881, the files of the case in his court, with a transcript of the proceedings from his docket, with the clerk of the district court, at his office in Salt Lake City, Utah. On the twenty-fifth day of September, 1882, the plaintiff filed in the district court a notice of a motion, of which the following is a copy:

"Defendant and Messrs. Sutherland & McBride, his attorneys, will please take notice that plaintiff will, upon the records and files of said case, upon the twenty-eighth day of September, 1882, at ten o'clock A. M., or as soon thereafter as counsel can be heard, move this honorable court, at the courtroom thereof, for an order dismissing defendant's appeal herein, and affirming the judgment of the court below, on the grounds that defendant has not perfected his appeal, and caused his case to be filed and placed upon the docket of the court, as required by law and the rules of the court."

The following is a standing order of the district court, made by that court in 1880:

"In all cases coming up to this court by appeal from any judgment or order of the justice of the peace rendered thirty days before the commencement of a term of this court, it shall be the duty of the appellant to file the transcript from the justice's docket and all papers accompanying the appeal with the clerk of this court, and perfect the appeal within the first two days of the term; and it shall be the duty of the appellee to file with the clerk within twenty days thereafter the answer or other pleadings in the case; and if the appeal shall be

brought from any judgment or other order of a justice of the peace, rendered less than thirty days before the commencement of a term of this court, it shall be the duty of the appellant to file the transcript of the justice's docket and all papers accompanying the appeal with the clerk of this court, and perfect the appeal the first thirty days of the term; and it shall be the duty of the appellee to file with the clerk within thirty days thereafter the answer or other pleadings to the case. In default of compliance with this rule on the part of the appellant, upon application of appellee, the appeal shall be dismissed, and in default of the compliance with this rule on the part of the appellee, the judgment of the court below will be affirmed."

On the twenty-seventh day of September, 1882, the defendant filed a certified copy of all the files in this case from the justice's court, and also annexed thereto a certified transcript of the docket of said justice, and paid the clerk five dollars as fees for filing the same and placing it on the calendar of this court. On the hearing of the plaintiff's motion in this court, it was agreed by the parties that there was but one case, and that the only difference between the two cases bearing the same title was that the case filed by the plaintiff contained the original files of the justice's court, with a certified transcript from the justice's docket, while the case filed by the defendant contained copies of the original files in the justice's court and a certified transcript of the proceedings therein as shown by his docket, and that there was but one case pending between the parties.

At the opening of the court, at the September term, 1882, the defendant's counsel, in open court, in the presence of the plaintiff's counsel, on the call of the calendar for the setting of cases for trial, announced that defendant was ready to try said case, and desired it to be set for trial. The court set the case for trial, subject to the plaintiff's motion to dismiss the same.

On the fourth day of December, 1882, the motion of the plaintiff to dismiss the appeal on the ground of a want of diligence on part of defendant in perfecting the appeal, and the court, having heard the argument of counsel, orders: "That the appeal herein be and the same is hereby dismissed; and

further, that the justice of the peace for the second precinct of Salt Lake City and County, Utah, be and he is hereby authorized to enforce the judgment heretofore rendered by his said court in said case, together with said plaintiff's costs in the appeal herein incurred, and taxed at fifteen dollars." The foregoing is the substance of the statement upon which error is assigned. The appeal to this court is from the order of dismissal.

While the statement does not disclose the fact, yet it was understood upon the argument, and this court is otherwise aware of the fact, that it is customary with the clerks of the district courts, in appeal cases from justices' courts, to demand from the appellant the payment of five dollars as a deposit for his costs, before they will indorse the filing on the papers sent up by the justice, and docket the case. It was for the neglect on the part of the appellant to pay this sum that the appeal in this case was dismissed.

There is no law authorizing the clerk to make or insist upon this demand. In civil actions, he is directed to " require the party commencing the suit to pay in advance, or secure by bond with security the payment of the probable amount of the costs of said suit:" Comp. L., sec. 2378. This provision evidently refers to suits commenced in the district courts, and can not be made to apply to cases brought into these courts by appeal from justices' courts; and there is a very good reason why it should not. By section 582 of the practice act, before an appeal from a justice's court can be effectual for any purpose, the appellant must file an undertaking with sureties that he will pay all the costs on the appeal. This must refer to the costs in the district court, for he is required to pay the costs of the justice's court on taking the appeal. The clerks' costs in these cases are secured by the undertaking on appeal, and he has no right or authority to demand the payment of them or any portion of them in advance, in addition to this security the statute affords him.

The standing rule or order of the district court, quoted in the statement, does not, in terms nor by any just legal intendment, refer to the payment of this sum demanded by the clerk. It refers to the perfecting of the appeal. All that the law requires of an appellant in order to perfect his appeal

is to file and serve his notice of appeal, file the undertaking
required, and make payment of the costs in the justice's court
and the costs of the transcript. He has nothing more to do,
and having done this, under our statute, his right to a trial in
the district court is as absolute as though he had commenced
the case in that court. When the appellant has complied
with the statutory requirements, it then becomes the duty of
the justice to transmit the papers to the clerk of the district
court, and when they are received by him they are filed,
whether he ever indorses the filing on them or not. "A paper
is said to be filed when it is delivered to the proper officer,
and by him received to be kept on file: Bouv. Law Dict., tit.
File. We do not propose to discuss the power of the district
court to make rules for its government. It is not necessary
to the decision of this case. It is proper, however, to state
that no court can by a rule deprive a party of a right which
is given to him by statute.

The ground upon which the order of dismissal seems to
have been made in the court below was a want of diligence
in perfecting the appeal. The record discloses that before the
motion was set to be heard, and months before it was finally
heard, the appellant complied with the illegal demand made
upon him, and at the hearing announced himself ready to pro-
ceed to a trial. This being the case, even under the construc-
tion given to the standing rule or order of the court by the
respondent, the motion should have been denied.

The decision of this court, however, is placed upon the
ground that the appellant having fulfilled all the require-
ments of the law in order to perfect his appeal, his right to a
trial in the district court, so far at least as concerns this mo-
tion, had become absolute—a right given by the statute, of
which he could not be deprived by a rule of court, much less
by a custom of its clerk, requiring him to do something in rela-
tion to his appeal which the law does not enjoin upon him as
a condition precedent to his right to a trial. I know of no
grounds upon which an appeal from a judgment in a justice's
court can be dismissed by the district courts, except where
there exists such an informality and disregard of the man-
ner and form prescribed by the statute for taking and per-
fecting it as renders it ineffectual; in other words, no appeal.

The judgment of dismissal of the lower court is reversed, and the case remanded.

HUNTER, C. J., and TWISS, J., concurred.