## EDMINSTER V. RATHBUN.

1. An appeal is taken from the judgment of a justice's court by the service and filing of a notice of appeal, and the appeal is perfected by filing an undertaking on appeal as required by the statute.

2. These are the only prerequisites to the taking of an appeal that are jurisdictional, and, when performed within the time prescribed by the statute, after the rendition of the judgment appealed from, the appellate court has jurisdiction of the case.

S. D.—9.

3.  The payment of the justice's fee for making his return does not constitute one of the acts necessary to perfect the appeal.

4.  When an appeal from a justice's judgment was perfected more than 30 days before a term of the appellate court, but the justice's return was not filed in the appellate court until after the commencement of the term, that court committed no error in dismissing the appeal, no sufficient excuse having been shown for the delay.

(Syllabus by the Court.   Opinion filed June 2, 1892.)

Appeal from circuit court, Turner county.    Hon. E. G. SMITH, Judge.

Action in justice court in forcible entry and detainer.   Judgment for plaintiff.   Defendant appealed to circuit court.   Appeal dismissed.   Defendant appeals from judgment of dismissal.   Affirmed.

The facts are stated in the opinion.

*Palmer & Rogde*, for appellant.

Sections 6132, 6136, Comp. Laws are not mandatory.   Suth. Stat. Const. § 446; Harris v. Watkins, 40 N. W. 536; Bonesteel v. Gardner, 1 Dak. 377; Cody v. Anson, 4 Wis. 244; sections 5235, 6144, Comp. Laws; Norden v. Jones, 33 Wis. 600; Galling v. Harder, 14 Wis. 92; Deming v. Weston, 15 Wis. 259; Holden v. Haserodt, 2 S. D. 220; Hayworth v. Ragan, 14 S. W. 70.   The motion to dismiss the appeal two days after the transcript was filed came too late and will not lie.   Hughes v. Boone, 5 S. E. 192; Bray v. Redman, 6 Cal. 287; Lick v. Madden, 25 Cal. 211; Colorado v. Ives, 14 Pac. 120; Schofield v. Felt, 14 Pac. 128; Territory v. McKey, 19 Pac. 395; Territory v. Flowers, 2 Mont. 392; Tiebble v. Poore, 6 S. E. 578.

*S. B. Jones*, for respondent.

The payment of the transcript fee is as necessary to an appeal as giving the undertaking.   Section 6132, Comp. Laws; MacDonell v. Buffiew, 31 How. Pr. 154; Tomkins v. Lands, 8 Wend. 462; Cunningham v. Bucklin, 8 Cowen, 178.   The acts of justice courts being limited regarding jurisdiction are strictly, and regarding practice, literally, construed.   Flack v. Aukeney, Breese, 144; Robinson v. Harrison, 1 Scam. 237.   Sections 6132 and 6136 are mandatory. Strauser v. Ollan, 16 How. Pr. 422; People v. Eldredge, 7 How. Pr. 108; Seymore v. Judd, 2 N. Y. 464; Parker v. Snow, 6 N. E. 808;

Bell v. White, 32 N. W. 561; Davis v. Wilson, 5 S. W. 285; Minneapolis v. Hedges, 7 N. W. 531; Pettengill v. Donnelly, 7 N. W. 152.

CORSON, J. This action was commenced and tried in a justice court, a judgment rendered in favor of the plaintiff, and appeal taken by the defendant to the circuit court, where the appeal was dismissed, and defendant appeals from said judgment of dismissal to this court. The case was tried and judgment rendered on December 20, 1890. On December 26th, the defendant served and filed with the justice a notice of appeal, and on the same day filed an undertaking for costs on appeal, as provided by law, but the justice's fee of one dollar for making this return was not paid until February 12, 1891. On the last-mentioned day this fee was paid, and the justice's return filed in the circuit court, and on February 14th the appeal, on motion of the plaintiff, was dismissed. The only error assigned on this appeal is that the circuit court erred in dismissing the appeal in this action. The learned counsel for the appellant contends that there was nothing properly before the court below to warrant or authorize dismissing the appeal. The record, however, discloses the fact that a formal motion to dismiss was made, supported by two affidavits, in which the facts above stated are clearly shown. It is true that the motion does not state the grounds on which the same would be made, but, as no objection appears to have been taken to it in the court below, it cannot be taken for the first time in this court. The motion states fully upon what records, files, and affidavits the motion would be heard, and, if the appellant had any objection to the motion because the grounds of the same were not stated therein, he should have made the objection in the court below, when the motion could have been amended, had it been deemed insufficient. The motion read in connection with the affidavits referred to therein was evidently made upon two grounds: First, because the justice's fee for his return was not paid within 30 days after the rendition of the judgment; and, second, because the return of the justice was not filed in the appellate court within 15 days after the appeal was perfected by the serving and filing of the notice of appeal, and filing an undertaking for costs.

The learned counsel for the respondent contends that the payment of the justice's fee for his return constitutes one of the acts in perfecting an appeal, and must therefore be paid within 30 days after the rendition of the judgment. We cannot agree with the counsel in this contention. It is true the statute requires the fee to be paid, but its payment does not constitute an act necessary to perfect the appeal. Its payment is a matter entirely between the justice and the appellant, with which the respondent has no concern. The court held in Rudolph v. Herman, (S. D.) 50 N. W. Rep. 833, that the notice of appeal must be served and filed, and an undertaking for costs filed with the justice, within 30 days after the rendition of the judgment appealed from. When the notice of appeal is served and filed the appeal is taken, and when the undertaking for costs is filed the appeal is perfected. These are the only prerequisites to the taking of an appeal that are jurisdictional, and, when performed within the time specified, the appellate court has jurisdiction of the case.

The second ground upon which the motion seems to have been made—that the return of the justice was not filed in the appellate court within 15 days after the appeal was perfected—presents a more important question. The last clause of section 6136, Comp. Laws, is as follows: "No notice of trial and note of issue shall be required to be served or filed in order to bring the cause appealed upon the trial calendar in the district court, but said appeal shall be filed by the clerk, on payment of his costs, and entered upon the calendar, and shall stand for trial as soon as same is reached in the regular call of the calendar thereafter. If not so filed within 15 days from the time such appeal was perfected, then the same shall be dismissed by order of the court at any time thereafter, upon motion of the appellee, after three days' notice to the appellant or his attorney." The respondent insists that the statute is mandatory, and that, unless the return is filed within the time specified, the appeal must be dismissed. Counsel for appellant contends that the requirements of the statute are directory merely. In our view of the case, it does not become necessary to decide this question at this time, for assuming that the statute, as claimed by the

appellant, is directory, and not mandatory, a discretion is vested in the court as to the dismissal of the appeal, which having been exercised by the court below by dismissing the appeal, the judgment entered will not be reversed by this court, unless there has been an abuse of its discretion. In this case the return was not filed in the appellate court until the expiration of more than 30 days after the time for filing it fixed by the statute. The delay was not through any fault of the justice, as he was not required to make out his return until his fees were paid, and these, it appears from the affidavits accompanying the motion, were not paid until February 12, 1891,—more than 30 days after the expiration of the time specified in the statute for making the return. Counsel for the appellant sought to excuse this delay, and one of the attorneys in the case made an affidavit setting forth certain facts which they claim constitute a sufficient excuse, but no accident, surprise, or execusable neglect is shown, and no affidavit is made by the appellant himself. The reading or filing of the affidavit of the attorney on the hearing is denied by the respondent in his additional abstract. But we do not deem it necessary to determine which abstract is correct, for if the affidavit was presented and used on the hearing, as claimed by the appellant, we think the court below might very properly have held that it presented no sufficient excuse for the delay, under the circumstances of the case. The appeal was perfected over a month before the commencement of the term of the circuit court, and the return should have been filed in that court, in any event, in time to have been placed upon the trial calendar, before the beginning of the term, in order that the respondent might have had time to make the necessary preparations for the trial. But the justice's return was not in fact filed until some days after the commencement of the term. We think, therefore, the court very properly exercised his discretion (if, as claimed, the statute is directory merely) by dismissing the appeal. The judgment or order dismissing the appeal must therefore be affirmed; and it is so ordered.