## F B. FARGO & CO. v. GRAVES.

Under Comp. Laws, § 6132, requiring a justice, on payment of his fee, to transmit the pleadings, etc., to the circuit court, appellant must see that the fee is paid or that the record is sent up within the time pre-

scribed; and hence where the fee is not paid, nor waived by the justice, delay in transmitting the record is no fault of his, and, no excuse being shown by appellant, the appeal is properly dismissed.

(Opinion filed December 20, 1899.)

Appeal from circuit court, Spink county. Hon. A. W. CAMPBELL, Judge.

Action by F. B. Fargo & Co. against J. E. Graves. From an order dismissing an appeal from a justice's court, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Sterling & Morris*, for appellant.

*D. W. Poindexter*, for respondent.

CORSON, P. J. This is an appeal from an order dismissing the appeal taking by the present appellant to the circuit court from a judgment entered in a justice's court. About September 1, 1898, the respondent recovered judgment in the justice's court against the appellant; and the appellant thereupon, within two or three days, perfected his appeal to the circuit court by serving and filing his notice of appeal, and filing two undertakings,—one for costs on appeal, and the other to stay execution on the judgment. The justice's fee of one dollar, required to be paid by the appellant to the justice for making out the papers on appeal, was not paid; and the justice did not transmit the papers until the last day of October, 1898, when he was ordered so to do by appellant's counsel. On November 1st, the first day of the term of the circuit court, the appellant moved to have the case placed upon the calendar for trial. This motion was objected to by counsel for respondent, who made a counter motion to dismiss the appeal on the ground that the

papers on appeal had not been filed within the time prescribed by law. The court granted the latter motion, and the appeal from the justice's court was dismissed. Upon the hearing of the latter motion, affidavits were filed on the part of the appellant and respondent. It was conceded by the appellant that the justice's fee of one dollar was not paid, but he contends that the justice waived payment of the same by not demanding its payment at the time the notice of appeal and undertakings were filed. This is controverted by the respondent, and the affidavit of the justice seems to sustain the theory that he did not waive, nor intend to waive, the payment of the fee prescribed by law. The circutit court evidently found that the justice did not waive the payment of the fee, and we cannot say that the court was not correct in its finding upon this question. The only excuse offered on the part of the appellant for not having the papers on appeal filed within the time required by the statute was stated by his attorney as follows: That, in the attorney's practice, "on taking appeals from judgments of a justice of the peace, the fee of $1 to the justice on such appeal has not been demanded or required to be paid, but that such fee had been left to the final determination of the cause in the circuit court, * * * and that affiant did not think, at the time of the delivery of said papers to said Graves for service and filing, to direct the payment or tender of said fee." This was not a sufficient showing of an excuse for the neglect in the payment of the fee. By Section 6132, Comp. Laws, it is provided that the justice, upon receiving the notice of appeal, and on payment of one dollar for his return, shall transmit to the circuit court the pleadings, etc., and a certified copy of his docket, and by Section 6136 it is provided that if the papers on

appeal, with a certified copy of the justice's docket, are not filed within 15 days from the time the appeal is perfected, then the same shall be dismissed, by order of the court, at any time thereafter, upon motion of the appellee, after three days notice to the appellant or his attorney.   It will thus be seen that the justice is not required to send up the papers on appeal, or a copy of his record until his fee has been paid.  The party appealing, therefore, must see that the justice's fee for sending up the record is paid, or, in any event, that the record is sent up within the time prescribed by the statute.   It being conceded in this case that the fee for sending up the papers was not paid, and it not appearing that the justice expressly waived payment of the same, the delay in transmitting the papers on appeal was not the fault of the justice, and we think the court, in holding, in effect, that there was no sufficient excuse shown on the part of the appellant for failing to have the said papers filed within the time prescribed by the statute, and in dismissing the appeal, did not abuse its discretion.   This case comes clearly within the principle of the decision in the case of Edminster v. Rathbun, 3 S. D. 129, 52 N. W. 263.   Upon the authority of that case the order of the court below is affirmed.