McLAUGHLIN v. MICHEL *et al.*

Comp. Laws, § 6132, provides that on receiving notice of appeal, and on payment of one dollar for the return, and filing an undertaking as required, the justice must, within five days, transmit to the clerk of the circuit court certain papers, and may be compelled by an order entered on motion to transmit the same, and may be fined for neglect or refusal to do so. Section 6136 provides, *inter alia*, that the appeal shall be filed by the clerk, on payment of his costs, and entered on the calendar, and shal stand for trial as soon as reached, and, if not

so filed within fifteen days from the time it was perfected it shall be dismissed at any time thereafter on motion, after three days' notice. *Held*, that the provision for filing the appeal within fifteen days was mandatory only so far as to require the court to dismiss on proper motion therefor, unless appellant showed a satisfactory excuse for the delay, and that a dismissal in such case was not warranted where it appeared that the undertaking was filed and the justice fee duly paid, and appellant's attorney relied on the statement of the justice before the fifteen days expired that the appeal had been filed.

(Opinion filed December 31, 1900.)

Appeal from circuit court, Bon Homme county. Hon. E. G. Smith, Judge.

Action in justice court by R. P. McLaughlin against Lee Michel and another. From an order of the circuit court dismissing an appeal from a judgment for plaintiff, defendants appeal. Reversed.

The facts are stated in the opinion.

*Elliott & Stilwell,* for appellants.

*G. W. Kirschmann,* for respondent.

Corson, J. This is an appeal from an order of the circuit court dismissing an appeal taken from a justice of the peace to that court. An action was commenced October 10, 1899, and a judgment rendered in the justice's court in favor of the plaintiff and against the defendant on the 21st of October, 1899. On the same day an appeal was duly perfected by the defendant Van Welt from said judgment to the circuit court of Bon Homme county upon questions of both law and fact, by serving and filing a notice of appeal, and filing an undertaking for costs, and paying the one dollar fee to the justice for making out the transcript required by the statute. A transcript of the justice's docket, to gether with the records and files in said cause, was not filed in the office of the clerk of the circuit court until the 27th day of November, 1899, at which time the said cause was

placed upon the calendar for trial at the December term of said court, which was to convene December 5, 1899; that being the first term after the appeal was taken. On said December 5th the plaintiff's attorney duly served upon the attorney for the defendant Van Welt a notice of motion to dismiss said appeal upon the ground that the transcript on said appeal was not filed in the circuit court until more than 15 days after the date on which said appeal was perfected. Thereupon the court dismissed said appeal by an order in which, after the usual recitals, " the court finds that said appeal was perfected as by statute required, and further finds that said appeal was not filed in the office of the clerk of the circuit court in and for Bon Homme county within the 15 days provided by law. The court further finds as a matter of fact, upon the showing presented by the defendant herein that the facts and circumstances stated in said affidavits and showing are sufficient to excuse any negligence on the part of said defendant in the matter of the filing of said appeal. As a matter of law, the court finds that the statute under which this motion is presented is not a directory statute, and therefore no showing of good faith or excuse for the failure in filing the appeal within the 15 days provided by law is available. The court further finds that said statute is mandatory in its terms, and the matters shown by way of excuse are immaterial. The court therefore sustains said motion of plaintiff to dismiss said appeal, and it is ordered that said appeal be, and the same is, hereby dismissed, with costs to be taxed." It will be noticed that the court finds that the facts and circumstances shown as an excuse for the delay were satisfactory to the court. It will be further observed that the court holds the statute mandatory, and that therefore no showing of good faith or excuse for the failure to file the transcript on appeal within the 15 days provided by law is available. The question presented, therefore, is, is the statute

requiring the transcript to be filed within 15 days mandatory, or is it directory?

The appellant contends that the statute is directory, and that, he having shown on the motion that the failure to file the transcript within the fifteen days was caused by an inadvertance on the part of the justice, and not by the fault of the defendant or his attorney, the court should have denied the motion and proceeded with the trial of the case. The respondent, on the other hand, contends that the statute is mandatory, and that no discretion is vested in the trial court to relieve a party from his failure to file the transcript within the time prescribed by the statute.. We are inclined to the opinion that the appellant is right in his contention, and that the statute is so far directory that a failure to file the transcript in time may be excused, and the case tried by the appellate court. Section 6132, Comp. Laws, provides that "upon receiving the notice of appeal, and on payment of one dollar for the return of the justice and filing an undertaking as required in the next section, * * * the justice must within five days transmit to the clerk of the circuit court * * * a certified copy of his docket, * * * the notice of appeal and the undertaking filed," together with certain other papers, etc., "and the justice may be compelled by the circuit court, by an order entered, upon motion, to transmit such papers, and may be fined for neglect or refusal to transmit the same." Section 6136, Id., provides, among other things: "Said appeal shall be filed by the clerk upon payment of his costs, and entered upon the calendar, and shall stand for trial as soon as the same is reached in the regular call of the calendar thereafter. If not so filed within fifteen days from the time such appeal was perfected, then the same shall be dismissed by the order of the court at any time thereafter, upon motion of the appellee, after three days' notice to the appellant or his attorney." The

evident object and purpose of these provisions of the statute are to require a party defeated in a justice's court, who desires to take an appeal, to promptly perfect his appeal and file the transcript in the circuit court, and to prevent as far as possible appeals for delay merely. To accomplish this object and purpose the legislature has provided that the appeal must be taken and perfected within 30 days from the entry of judgment; and it is further provided, as we have seen, that the justice shall file his transcript and record in the appellate court within five days, and upon failure to do this the court may by order compel him to file the same, and may impose a penalty upon him, in the way of a fine; and it is then provided that, upon failure to file the transcript within 15 days after the appeal is perfected, the court, upon motion, shall dismiss the appeal. The filing of the trnascript, however, constitutes no part of the proceedings for taking the appeal. The appeal is takn by serving and filing a notice of appeal and filing an undertaking for costs. When these acts have been performed, except for the purpose of excepting to the sureties on appeal the case is transferred to the appellate court, and thereafter that court has jurisdiction of the cause. If the transcript is filed after the 15 days, and no objection is taken, the court may proceed to try the case, and the fact that the transcript was filed after the time does not affect the jurisdiction of the appellate court or the regularity of its proceedings. If, however, a motion is made to dismiss the appeal, and the failure to file the same within time has not been caused by the fault or neglect of the appellant or his attorney, we are of the opinion that the court should deny the motion and proceed with the trial of the cause.

Mr. Sutherland, in his work on Statutory Construction, says: "Provisions regulating the duties of public officers, and specifying the time for their performance, are in that regard generally directory.

Though a statute directs a thing to be done at a particular time, it does not necessarily follow that it may not be done afterwards. In other words, as the cases universally hold, a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory, unless the nature of the act to be performed or the phraseology of the statute is such that the designation of time must be considered as a limitation of the power of the officer." Suth. St. Const. §448. In accordance with this doctrine courts have generally held, under statutes providing that the transcript shall be filed within a specified time, that such statutes are directory. Territory v. Mackay, 8 Mont. 168, 19 Pac. 395; Territory v Flowers, 2 Mont. 392, Norden v Jones, 33 Wis. 600; Deeming v. Weston, 15 Wis. 236. It is true that the statutes referred to in these cases did not contain the penalty clause found in Section 6136, but this clause does not necessarily make the statute mandatory. The authorities afford us no definite rule by which it can be determined whether a statute is directory or mandatory. There is a class of statutes so clearly mandatory that the court will have no hesitation in declaring them to be such, and there is a class of statutes so clearly directory as to require of the court but little consideration in order to declare them such. But between these two is a class of statutes, embracing the larger portion of the statutes, to which, as we have stated, no definite rule can be applied; and they must be construed, so far as possible, to carry out the real intention of the legislature in enacting them. In regard to such statutes, Lord Penzance, in Howard v. Bodington, 2 Prob. Div. 203, says: "I believe, as far as any rule is concerned, you cannot safely go further than that in each case you must look to the subject-matter, consider the importance of the provision that has been disregarded, and the relation of that provision to the general object intended to be secured

by the act, and, upon a review of the case in that aspect, decide whether the matter is what is called 'imperative,' or only directory." 23 Am. & Eng. Enc. Law, 455. It is quite clear that the legislature of this state intended to confer upon a party who has been defeated in a justice's court the right of appeal and of a review of the case in the appellate court, and that, while such was the intention, it was also the intention of the lawmaking power that such an appeal should be promptly taken and prosecuted with diligence. But we are of the opinion that the legislature could not have intended that where the failure of the justice to file his transcript within the time specified is caused by inadvertence, surprise, mistake, or excusable neglect, and without fault on the part of the appellant or his attorney, the appellant should be deprived of the benefit of his appeal, when the legislature has been so careful to provide throughout the various Codes for the relief of parties from delays or defaults caused by inadvertence, surprise, mistake, or excusable neglect in the various proceedings taken in an action. Undoubtedly the statute is so far mandatory that, unless a party can show a satisfactory excuse for the delay in filing the transcript within the time designated, it is the duty of the court to dismiss the appeal upon proper motion. The court, therefore, in passing upon the question of whether or not the excuse for the delay is satisfactory, exercises to a certain extent its judicial discretion. And hence we held in Edminster v. Rathbun, 3 S. D. 129, 52 N. W. 263, that where an appeal from a justice's judgment was perfected more than 30 days before the term of the appellate court, but the justice's return was not filed in the appellate court until after the commencement of the term, the court committed no error in dismissing the appeal, no sufficient excuse having been shown for the delay. In that case the appellant had neglected to pay the justice the fee provided for his transcript from the time the appeal was per-

fected, on December 26th, to the 12th of February of the following year. In Fargo v. Graves, 12 S. D. 293, 81 N. W. 291, where the appeal was also dismissed by the circuit court, this court held that the court below committed no error, for the reason that no sufficient excuse was shown for the delay in filing the transcript of the justice. In that case, also the appellant was at fault, for the reason that he had neglected to pay the justice's fee for making out and filing the transcript until a long time after the 15 days had expired. In the case at bar, however, the appellant and his attorney were guilty of no neglect on their part. It appears that about three days after the appeal was perfected the appelllant's attorney inquired of the justice if he had transmitted the transcript and papers on appeal, and was informed by the justice that he had done so; but it seems from the affidavit of the justice that this statement was so made by mistake or inadvertence on his part, and that at the time he made the statement he supposed it to be true. Possibly, as a further precaution, the attorney should, before the expiration of the 15 days, have ascertained definitely from the clerk of the court, or by an inspection of the clerk's records, that the transcript had in fact been filed; but it cannot be said that the attorney was negligent in relying upon the statement of the justice, and in failing to make further inquiries of the clerk of the court. It will be seen, therefore, that the learned circuit court was clearly right in finding that the delay in filing the transcript was fully excused; and, having made this finding, we think it should have denied the motion, and that in dismissing the appeal it committed error. The order of the circuit court is reversed, and that court is directed to vacate its order dismissing the appeal.