## MITCHELL FRUIT AND GROCERY COMPANY, Respondent, v. NICHOLL, Appellant.

### (151 N. W. 279.)

(File No. 3691.    Opinion filed March 8, 1915.    Rehearing denied
April 5, 1915.)

1. **Justices of the Peace—Appeals, Jurisdiction on, Undertaking as Basis—Transcript, Necessity for Filing.**

    The jurisdiction of the circuit court on appeal from a justice of the peace is acquired by perfection of the appeal by filing a proper undertaking in the justice court, and does not depend on the filing of the transcript in the circuit court.

2. **Justices of the Peace—Dismissal of Appeal—Filing Transcript, Directory—Statute.**

    The provision in Justice's Code, Sec. 106, that, if transcript from justice's court is not filed in circuit court within fifteen days from time of perfecting appeal, it shall be dismissed, is merely directory, and if failure to file the same within time was not caused by the default or neglect of appellant or his attorney, the motion to dismiss appeal should be denied.

3. **Justices of the Peace—Appeals—Deposit of Transcript, as Filing—Clerk's Waiver of Fees—Statute.**

    Under the provision in Justice's Code, Sec. 106, that an appeal from justices of the peace to circuit court shall be filed by the clerk on payment of costs, held, that the mere deposit of the papers is not a filing thereof, unless the clerk, by word or act, waives payment of fees.

4. **Justices of the Peace—Appeals—Clerk's Fees—Special Security Under Statute—Undertaking, Distinguished.**

    The undertaking given on appeal from justices of the peace by an appellant is not a security in favor of the clerk of the circuit court for his fees. The bond provided by Pol. Code, Sec. 1858, is given to the clerk himself, and constitutes security to the clerk for such fees, while permitting the clerk to demand his fees in advance.

5. **Justices of the Peace—Appeals—Filing Transcript—Waiver of Clerk's Fees—"Protest"—Necessity of Returning Transcript or Demanding Fees—Statute.**

    The clerk of circuit court, on receiving papers on appeal from justices of the peace without the fees, if he does not desire to waive present payment of fees and file transcript, should either return same or immediately notify appellant that he would not accept the papers for filing without payment of his fees, or security therefor under Pol. Code, Sec. 1858; if he fails to do either, the transcript will be treated as in fact filed, as against a motion to dismiss appeal for failure to file trans-

script; and the clerk's affidavit that he received and deposited the papers under "protest," without further explanation, is un-availing as a justification of dismissal of the appeal.

Appeal from Circuit Court, Beadle County.    Hon. ALVA E. TAYLOR, Judge.

Action by the Mitchell Fruit and Grocery Company against James Nicholl.    From an order of the Circuit Court refusing to dismiss the appeal from the Justice Court, defendant appeals.    Affirmed.

*Ernest D. Ede, for* Appellant.

*A. W. Wilmarth,* for Respondent.

(2) Under point two of opinion, Appellant cited:  McLaughlin v. Michel, 14 S. D. 190, 84 N. W. 777-9.

Respondent cited:  Justice Code, Secs. 102, 106.

(3) Under point three of the opinion, Appellant cited:  Anderson's Dictionary of Law; Bouvier's Law Dictionary; 14 Cyc. 530; State v. Lamm, 9 S. D. 427; 13 Am. & Eng. Ency. of Law, 15.

Respondent cited:

Westcott v. Eccles, 3 Utah 258, 2 Pac. 525; Bouv. Law Dict., tit. File; Tregambo v. Cammanche Mill Co., 57 Calif. 501; Commissioners v. State, 24 Fla. 55, 12 Am. State Reports, 183; Beebe v. Morril, 77 Mich. 114, 15 Am. State Reports, 288; Meridian Natl. Bank v. Hoyt Bros., 36 L. R. A. 796; Reed v. Inhabitants of Acton, 120 Mass. 131; Bettison v. Budd, 2 Ark. 578.

(4) Under point four of the opinion, Respondent cited:  Pol. Code, Sec. 1858; Justice Code, Sec. 582.

WHITING, J.    This action was brought in justice court and judgment rendered therein, in favor of defendant, on April 13, 1914.    Appeal from such judgment was perfected on May 11, 1914.    Within five days after the perfecting of the appeal, the justice prepared a certified copy of the proceedings in his court and transmitted the same to the clerk of the circuit court of the proper county.    The papers were received by such clerk, who retained custody of same, but neglected to indorse any filing marks thereon until after June 22, 1914, upon which date defendant moved a dismissal of the appeal.    It would appear that the clerk had neglected to formally file the transcript, for the reason that

he had not received his fees for such filing, but it did not appear that he had ever demanded such fees or notified plaintiff that such transcript had not been filed. The court on June 25, 1914, denied the motion to dismiss such appeal. On June 29, 1914, the clerk served a written notice, dated June 25, 1914, upon the justice and also the attorney for plaintiff, advising them that the papers in this cause were brought to and deposited in his office under protest, owing to the fact that no fees for filing had been paid or tendered, advising them that he at no time intended that such papers should become files of his office, and demanding the payment of the fees on appeal. Thereafter the defendant again moved the circuit court to dismiss the appeal, supporting the motion by an affidavit of the clerk to the effect that the papers received by him were deposited with him under protest and had remained under protest, and that he had refused to consider them as a part of the files of his office for the reason that the fees had not been paid. Plaintiff's attorney resisted the motion by an affidavit setting forth that he had paid the clerk his fees; that the clerk had filed the papers in his presence; and that the papers had been received by the clerk and retained by the clerk "without objection or demand until June 29, 1914." The circuit court again refused to dismiss the appeal. From the two orders refusing to dismiss the appeal to the circuit court, defendant has appealed to this court.

[1, 2] The jurisdiction of the circuit court in no manner depended upon the filing of the transcript in such court, as that court acquired jurisdiction as soon as the appeal was perfected by the filing of the proper undertaking in the justice court. McLaughlin v. Michel, 14 S. D. 189, 84 N. W. 777; Edminster v. Rathbun, 3 S. D. 129, 52 N. W. 263. Section 106, Jus. Code, provides that, if the transcript from the justice court is not filed in the circuit court within 15 days from the time such appeal was perfected, "then the same shall be dismissed * * * upon motion of the appellee" after notice. It is the settled law of this state that the above provision is directory, and "if * * * a motion is made to dismiss the appeal, and the failure to file the same within time has not been caused by the fault or neglect of the appellant or his attorney, * * * the court should deny the motion." McLaughlin v. Michel, supra.

[3] Respondent contends that the transcript was "filed" in

the clerk's office when it was received there, even though the clerk intentionally neglected to mark it filed, and though such clerk considered and treated it as not filed. Respondent cites the case of Wescott v. Eccles, 3 Utah, 258, 2 Pac. 525; as supporting such contention. An examination of the Code of Utah discloses the fact that such Code does not contain any provision similar to the provision in our section 106, Jus. Code, providing that the "appeal shall be filed by the clerk, on payment of his costs." Without this provision, whenever a transcript reaches the office of the clerk, there being no condition to be fulfilled by the party appealing before he is entitled to have such transcript filed, it becomes a file of the clerk's office at once, whether or not it is indorsed as filed; but where, as under the above provision of our Code, payment of a fee is made a condition precedent to one's right to have an instrument filed, the mere deposit of the paper does not constitute a filing thereof, unless the officer, with whom the same is deposited for filing, either by word or act, waives such payment of fees. If, however, such officer sees fit to waive such payment, it is a matter purely between him and the party depositing the papers, with which matter no one else has any concern.

[4] Respondent calls our attention to section 1858, Pol. Code, which provides:

"The clerk of the Supreme Court, and of each circuit court, the register in chancery, sherif, justice of the peace, constable or register of deeds, may in all cases require the party for whom any service is to be rendered to pay the fees in advance of the rendition of such service, or give security for the same, to be approved by the officer"—

and cites Wescott v. Eccles, supra, in support of the contention that respondent's undertaking upon appeal to the circuit court was security for the clerk's fees and a compliance with section 1858. We cannot agree with such contention. The bond given under section 1858 is given to the clerk himself, while the undertaking upon appeal is given to and secures the respondent, who alone can except thereto or bring action thereon.

[5] We think, however, that there was no abuse of discretion in the trial court's refusal to dismiss the appeal. While the clerk swears that he received and deposited the papers under "protest," there is no explanation as to what he meant by "protest." He

does not claim to have notified any person of his refusal to file the papers or to have made a demand for fees until several weeks after he received the papers. If he did not desire to waive present payment of his fees and file the transcript, he should either have returned the same to the source from which they came or else immediately have notified the party appealing and advised him that he would not accept the papers for filing without payment of his fees or security under section 1858. Not having done either, the transcript should, for the purposes of a motion to dismiss the appeal, be treated as in fact filed.

The respondent has, by motion to dismiss the appeal herein, raised a question of practice which it becomes unnecessary for us to consider, in view of our decision upon the merits of the appeal.

The orders appealed from are affirmed.