## PARROTT v. CITY OF HOT SPRINGS.

Comp. Laws, Sec. 5089, provides that, when application for new trial is made for certain causes it must be made on affidavits, and that "for any other cause it may be made either upon a bill of exceptions or a statement of the case, or upon the minutes of the court." Section 5092 provides that the application for a new trial shall be heard at the earliest practicable period after the bill of exceptions or statement is filed. And Sec. 5090,

Subd. 3, provides that "when settled the statement shall he signed by the judge * * * and shall be filed with the clerk." *Held*, that the provision for bill of exceptions or statement is not merely directory, but that in a case for application on one or the other, or on the minutes, application not having been made on the minutes, or on affidavits, an order for a new trial made without an authenticated bill of exceptions or statement cannot stand.

(Opinion Filed, Aug. 19, 1896.)

Appeal from circuit court, Fall River county.   Hon. WM. GARDNER, Judge.

Action for damages.   Plaintiff had judgment.   From an order granting defendant a new trial plaintiff appeals.   Reversed.

The facts are stated in the opinion.

*G. M. Cleveland, Chauncey L. Wood* and *Charles J. Buell*, for appellant.

The statement of the case was never signed or settled by the trial court and hence was a nullity.   Adams v. Dohrmann, 63 Cal. 417; Schreiber v. Whitney, 60 Cal 431; Kellar v. Lewis, 56 Cal. 466; Mining Co. v. Smith, 2 Dak. 455; Bank v, Bucannon, 33 Pac. 595; Meinert v. Snow, 27 Pac. 677.

*William H. Frye*, for respondent.

The filing of a brief of evidence on motion for a new trial is waived by the opposite party's appearance and argument of the motion.   Goodwin v. Hightower, 30 Ga. 249; Watts v. Kilburn, 7 Ga. 350; Moxley v. Kinlock, 80 Ga. 46.

CORSON, P. J.   This is an appeal by the plaintiff from an order granting a new trial.   The plaintiff recovered judgment in the trial court, and on the motion of the defendant a new trial was granted.   The appellant asserts, in his abstract, that "no bill of exceptions has ever been prepared, served or settled herein, and no statement of the case has ever been signed or settled herein."   This statement is not denied by the respondent, and must therefore be taken as true.   The contention of appellant is that without a bill of exceptions or statement set

tled and authenticated in the manner provided by law, where the notice of intention specifies that the motion will be made upon a bill of exceptions or statement, the trial court is not authorized to grant a new trial, and hence its order in this case was made without authority, and must be reversed. The respondent, however, insists that "the statute requiring the settlement of a statement on motion for a new trial is directory, and such settlement on motion for a new trial is for the trial court to determine, and such omission is not reviewable by the appellate court." The notice of intention to move for a new trial stated that the motion would be made upon the following grounds: "First, that the evidence introduced and submitted was and is not sufficient to justify the said verdict; second, that said verdict is against the law of the case; third, errors in law occurring at the trial, and duly excepted to by the defendant; fourth, that said motion will be made and submitted upon a statement of the case, as will appear from the record." The trial court is only authorized to grant a new trial when the motion is made either (1) upon affidavits; (2) upon a bill of exceptions; (3) upon a statement; (4) upon the minutes of the court; or (5) upon the judge's own motion. The trial court is only authorized to grant a new trial upon its own motion at the time the jury returns its verdict. Clement v. Barnes (S. D.) 61 N. W. 1126. In this case the new trial was not granted until several months after the verdict of the jury was rendered. There were no affidavits served, and the motion was not made upon the minutes of the court, as we construe the notice of intention. If, however, there is any doubt upon this question, the order granting a new trial cannot be sustained as one made upon the minutes of the court, for the reason that the notice of intention does not specify the particulars in which the evidence was insufficient, or the particular errors of law upon which the defendant would rely, as provided by subdivision 4, Sec. 5090, Comp. Laws. When the notice of intention fails to make this specification "the motion must be denied." Id. It would

seem, therefore, that, to authorize the granting of the order, there must have been a bill of exceptions or statement settled and authenticated as provided by the statute. But, as before stated, it affirmatively appears from appellant's abstract, and is not denied by the respondent that there was not in fact any bill of exceptions nor any settled statement in the case.

This brings us to the question, can such a bill of exceptions or statement be dispensed with by the court in a case like the one before us? In other words, is the statute mandatory, or directory merely? We are of the opinion that the statute must be held mandatory. The whole system of new trials seem to be based upon the theory that certain proceedings must be taken by the party applying for such new trial, and that if these proceedings are omitted his motion for a new trial fails. Sec. 5089, Comp. Laws, provides that "when the application is made for a cause mentioned in the first, second, third and fourth subdivisions of the preceding section, it must be upon affidavits; for any other cause it may be made, at the option of the moving party, either upon a bill of exceptions or a statement of the case, or upon the minutes of the court." Sec. 5092 provides "that the application for a new trial shall be heard at the earliest practicable period after * * * the bill of exceptions or statement * * * is filed." And the concluding clause of subdivision 3, Sec. 5090, provides that "when settled the statement shall be signed by the judge * * * and shall be filed with the clerk." It will thus be seen that a bill of exceptions or statment duly authenticated by the court or judge, and filed with the clerk, must precede the hearing of the motion, and that a motion for a new trial cannot be heard and determined, when such bill of exceptions or statement is necessary, until the bill of exceptions or statement is duly authenticated and filed with the clerk. The purported statement in the abstract, not having been so authenticated by the judge or court as required by the statute, was a nullity, and conferred no authority upon the court to grant a new trial. This seems to be the view

taken of an unauthenticated bill of exceptions or statement by the supreme court of California, from which our system of motions for a new trial was copied.   Adams v. Dohrmann, 63 Cal. 417; Keller v. Lewis, 56 Cal. 466; Schreiber v. Whitney, 60 Cal. 431.   See, also, Meinert v. Snow (Idaho) 27 Pac. 677; Merchants Bank v. Becannon (Kan.) 33 Pac. 595.   The trial court, therefore, in granting a new trial, had no proper record before it upon which it was authorized to make the order appealed from.   The order of the circuit court granting a new trial is reversed.