HARDIN v. UNION TRUST CO. OF PHILADELPHIA, PA., et al.†

(Circuit Court of Appeals, Eighth Circuit.   October 21, 1911.)

No. 3,495.

1. COURTS (§ 493*)—FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION.
     Where a state court has assumed jurisdiction of a suit to establish and foreclose liens on real property, and has determined the validity and priority of liens thereon and ordered a sale, so long as its decree remains unexecuted the property is in the custody of such court, and a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
     † Rehearing denied December 23, 1911.

federal court is precluded by the rule of comity from entertaining a suit to enforce liens against it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1346–1353; Dec. Dig. § 493.*

Conflict of jurisdiction of federal court with state court, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

2. APPEAL AND ERROR (§ 1001*)—REVIEW—FINDINGS OF FACT.

A decree of a federal court, sustained by findings of fact which there is evidence to support, will not be reviewed by an appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3928–3934; Dec. Dig. § 1001.*]

Appeal from the Circuit Court of the United States for the District of South Dakota.

Suit in equity by the Union Trust Company of Philadelphia, Pa., against the Branch Mint Mining & Milling Company and others. Decree for complainant, and defendant James D. Hardin appeals. Affirmed.

Eben W. Martin and Norman T. Mason, for appellant.

Frederic H. Stillwagen, Porter, Foulkrod & McCullagh, and McLaughlin & Ogden, for appellees.

Before ADAMS and SMITH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. Kirk G. Phillips and Cordelia A. O'Donnell brought suit in the circuit court of Lawrence county, S. D., against the Branch Mint Mining & Milling Company and others, to foreclose two miners' liens for about $1,500 each upon the property here involved. To that suit the Union Trust Company of Philadelphia was made defendant as a subsequent lienholder; it having a mortgage on the property to secure bonds aggregating $144,575. Pursuant to the state practice, jurisdiction of this defendant was obtained by service of a copy of the summons and complaint at Philadelphia. It never did business in South Dakota, had no agent there for the service of process upon it, and made no appearance in the action until after the final decree. James D. Hardin, the appellant here, was also a defendant. In his answer he set up by way of counterclaim a miner's lien for $378,867.72. No process or copy of his pleading or notice thereof was served upon the trust company. Numerous other lien claimants, either by answer or complaint in intervention, asserted miners' liens upon the property aggregating $7,149.27. In the final decree all these liens, except Hardin's, were established and adjudged to be concurrent liens upon the property prior and superior to the liens of Hardin and the Union Trust Company. Hardin, by stipulation, consented that the other miners' liens should be adjudged to be superior to his own. The decree continued the suit as to his claim. By supplemental decree his lien was established for the full amount, and it was adjudged to be prior and superior to the lien of the Trust Company's mortgage. The decree also contained the usual provisions for a sale of the property. Thereafter the Trust Company appeared specially in the suit for the

purpose of the motion only, and moved the court to strike from its decree all reference to the Union Trust Company, and the priority of the lien of Hardin over the lien of its mortgage, for the reason that the court was without jurisdiction to pass on those questions. Upon a hearing this motion was granted and the decree modified accordingly. An appeal was taken by Hardin to the Supreme Court of the state to review this order.

That was the situation when the Union Trust Company commenced the present suit in the Circuit Court of the United States for the District of South Dakota to foreclose its mortgage. The Branch Mint Mining & Milling Company, Hardin, and others, were made defendants to the bill. In addition to the usual averments in a bill for the foreclosure of a mortgage, the complainant by way of anticipation alleged that the defendant Hardin had filed and claimed to have a miner's lien upon the property for the amount above stated, for work done and materials furnished to the Mining & Milling Company, but charged the fact to be that he had never furnished any work or materials as alleged in his claim of lien, but that the indebtedness, if any, underlying the claim, consisted of moneys loaned and advanced to the Mining & Milling Company under a written contract between it and Hardin, and that he was entitled to no lien under the statutes of the state therefor. It further alleged with great fullness the proceedings had in the state court for the establishment of Hardin's lien, and the decree entered thereon, and charged that by reason of the facts herein set forth the state court never acquired jurisdiction over the Trust Company with respect to Hardin's lien, and asked that the pretended lien, and the decree establishing the same, be adjudged to be null and void. Hardin alone answered this bill, not only challenging plaintiff's rights under its mortgage, but also claiming by way of affirmative relief the validity of his miner's lien and the decree of the state court foreclosing it. The cause was fully heard upon the pleadings and evidence, and the court entered a decree pursuant to the bill, adjudging the amount due upon the mortgage, and a sale of the property foreclosing the same. It further found and adjudged that Hardin had no miner's lien upon the property, and that the decree of the state court establishing the same and declaring its priority over the Trust Company's mortgage, was entered without jurisdiction, and was null and void. The present appeal is brought by Hardin to review that decree.

Before the decree was entered the defendant Hardin moved the court to suspend action in the cause until his appeal should be determined in the Supreme Court of the state. The court denied that application, and its ruling constitutes the question to which the greater part of the briefs and arguments have been devoted in this court.

[1] We think the trial court violated that rule of comity which is indispensable to the harmonious working of the federal and state courts exercising jurisdiction in the same field. As already stated, the suit in the state court was for the foreclosure of miners' liens. By the local statute such liens are expressly made a first charge upon the property, and all holders of such liens are required to be made parties and are permitted to share in the proceeds of the sale pro rata. The

miners' liens being a first charge upon the property, it would be necessary that the holders of all subsequent liens and interests should be made parties to the suit, in order that their rights should be foreclosed. Such a suit brought the property into the custody of the state court as effectively as if it had been seized by writ, or placed in the hands of a receiver. The state court had undertaken by its decree to deal with the relative priority of complainant's mortgage and Hardin's lien. The federal court could not attempt to deal with the same subject without the danger of bringing the two courts into direct conflict. It was possible for the Supreme Court of the state to hold that the circuit court of Lawrence county acquired jurisdiction of the Trust Company in respect of Hardin's lien without the service of his answer or any process based thereon; or if the Supreme Court should be of the opinion that it required some notice in order to confer jurisdiction over that subject, it might direct the lower court to give such notice and then proceed with the determination of the issue raised by Hardin's answer. The state courts certainly had jurisdiction in the first instance to determine whether they had jurisdiction to establish Hardin's lien under his answer, and to pass upon the question of its priority over defendant's mortgage. That was a matter of practice in the state court, and turned upon the construction of state statutes. Such a situation forbade the federal court to assert jurisdiction over the property. Gates v. Bucki, 53 Fed. 961, 4 C. C. A. 116; Merritt v. American Steel Barge Co., 79 Fed. 228, 24 C. C. A. 530; Zimmerman v. So Relle, 80 Fed. 417, 25 C. C. A. 518; Hughes v. Green, 84 Fed. 833, 28 C. C. A. 537; Mound City v. Castleman (C. C.) 177 Fed. 510. This forbearance, as was said by Mr. Justice Matthews in Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390, "is a principle of right and of law, and therefore of necessity. It leaves nothing to discretion or mere convenience." The rule of comity not only forbade the federal court to disturb the possession of the state court by a seizure and sale of the property, but likewise forbade it to enter a decree of foreclosure establishing a lien upon the property or determining the priority of such lien. Wabash Railroad Co. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379; Id., 208 U. S. 609, 28 Sup. Ct. 425, 52 L. Ed. 642. There the Supreme Court reversed a decision of the Supreme Court of Ohio, establishing a lien upon property in the custody of federal courts, and directing its sale to satisfy the lien. Counsel for plaintiff then moved the Supreme Court to modify its order so that it would set aside only that part of the judgment of the state court which ordered a sale of the property, but leave the part which ascertained the amount of plaintiff's claim and established his lien, to stand. The court denied the motion, saying:

"The declaration of a lien on the property is a step towards the invasion of its possession, which we have held to be beyond the jurisdiction of the state court. It was sought, not for itself, since it would have no significance except as a basis for the order of sale of the property affected by it, but only as an essential part of the order itself. The declaration of the lien must stand or fall with the order of sale, and is, therefore, within that order, beyond the power of the state court."

It is manifest that such a decree would be a direct invasion of the power of the court first acquiring jurisdiction. It would cloud the title in the hands of a purchaser under its decree, and might either wholly defeat a sale, or greatly reduce the purchase price. It is therefore a direct violation of the rule of comity above explained. We deem it necessary to state these views in order that the disposition of the case which we make may not be misunderstood.

Since the cause was argued before us, the Supreme Court of South Dakota has rendered its decision on the appeal taken by Hardin to review the action of the circuit court of Lawrence county modifying its decree. Phillips v. Branch Mint Mining & Milling Co., 131 N. W. 308. The decision affirms the order of the circuit court, and holds that that court never acquired jurisdiction over the Trust Company as to Hardin's lien. The opinion turns wholly upon the construction of state statutes, and is therefore binding upon us. It having been determined by the highest court of the state in the interpretation of its statutes that the circuit court of Lawrence county never acquired jurisdiction over the Trust Company with respect to the Hardin lien, it would be idle for us to disturb the decree of the trial court because in our judgment it did not properly observe the rule of comity. No conflict can now possibly arise between the two courts, because the state courts have disclaimed any jurisdiction to pass upon the issues determined by the decree.

[2] Two other matters are urged by appellant: First, that he has a valid miner's lien independent of the decree of the state court establishing such lien; and, second, that the court erred in subjecting to the lien of the Trust Company's mortgage a narrow-gauge railroad located partly on the mining property and partly on other property, but constructed for the purpose of transporting ores from the company's mine to its mill. Both of these questions turn wholly upon matters of fact. The ruling of the trial court is abundantly supported by the evidence, and under the established rule of this court forbidding the disturbance of the findings of the trial court when thus supported, the decree ought not to be disturbed. Stuart v. Hayden, 72 Fed. 402, 408, 78 C. C. A. 618; Snider v. Dobson, 74 Fed. 757, 21 C. C. A. 76; Gage v. Smyth Mercantile Co., 160 Fed. 425, 87 C. C. A. 377.

The decision of the trial court is therefore affirmed.