HARDIN, Appellant, v. GRAHAM et al., Respondents.

(155 N. W. 782.)

(File No. 3932. Opinion filed December 31, 1915. Rehearing denied February 9, 1916.)

1.  **Appeals—Party to Appeal—Dismissal of Appeal—Improper Party.**

    Where plaintiff sought judgment decreeing that he had re-

deemed certain realty from a receiver's sale, under which sale a defendant, other than the defendant in qustion, claimed title to the property, there being no allegation that the decedent, whose personal representative it was contended should have been made a party to the appeal from the judgment below, held, or claimed any interest in the property, held, that plaintiff's failure on appeal from the judgment, to make such personal representative a party respondent, was no ground for dismissal of the appeal, the representative having no interest that could be affected by the appeal.

2. **Appeals—Striking Unsettled Record Containing Judgment Roll From Files—Roll Filed After Motion to Strike—Retention of Record by Supreme Court.**

Where an unsettled record from the trial court contained the judgment roll, the contents of which was sufficiently authenticated without certificate of trial judge, and which itself might form the basis of an appeal, regardless of motion for new trial, held, that, although such record was not on file in Supreme Court when the order to show cause why the record should not be stricken, because not settled when motion for new trial was denied, was made, yet, it being on file on the return day of the order, the Court will treat the order as though made after such record was filed; and the motion to strike will be denied.

3. **Appeals—Striking Unsettled Record Containing "Exceptions Taken at Trial," or Matters of Evidence—Necessity of Settled Record—Statute.**

If respondent had moved to have stricken from the unsettled record of the trial court, only that part thereof preserving "exceptions taken at the trial," or which presented questions of "insufficiency of the evidence," or such matters as can only be presented on assignments based upon the record "settled" under Laws 1913, Ch. 178, providing for settlement of records on appeals to Supreme Court, his motion would have been granted.

4. **Appeals—Leave to Re-certify Settled Record—Whether Trial Court Used Same, How Determined.**

Where the Supreme Court is without sufficient evidence to determine whether the trial court, on motion for new trial, considered the proposed record which had been prepared by appellant, served on respondents, filed with the clerk, and afterwards certified by the trial judge, held, that whether such record was so considered can only be determined by the trial court; and the settled record will be returned to clerk of trial court, and appellant may apply to that court for a certificate settling the record nunc pro tunc as of the day when motion

for new trial was presented; since, if that court considered such record on said motion, and did not deny the motion on the ground that there was no settled record, justice requires that the record be considered by the Supreme Court on the appeal.

Appeal from Circuit Court, Lawrence County. Hon. JAMES McNENNY, Judge.

Action by James D. Hardin, against Walter E. Graham, and others. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. On orders to show cause. Orders dismissed, except one involving re-certification of settled record.

*John H. Rogers, E. C. Strode, Duncan M. Vinsonhaler,* and *Howard G. Fuller,* for Appellant.

*Ogden & Ogden,* for Respondent Graham.

WHITING, J.  Four orders to show cause have been granted herein and returns made thereto. The questions thus presented are before us for consideration and determination. Owing to the conclusions we have reached upon the questions presented by three of these orders and the returns thereto, we find it unnecessay to consider the other order and return.

[1] Through one order to show cause, respondent Graham sought to procure a dismissal of this appeal upon the ground that the personal representative of one of the defendants below, Thomas F. McKay, had not been made a party thereto. From the pleadings it appears that plaintiff sought a judgment decreeing that he had redeemed certain real property from a certain receiver's sale under which sale respondent Graham claimed title to said property. There was no allegation that McKay held or claimed any interest in said property. It is impossible for us to conceive any ground upon which McKay was made a party defendant; he certainly was not a necessary party and we cannot see wherein he was even a proper party. By the judgment of the trial court the action was dismissed as to all the defendants except Graham; the title to the land in question was quieted in Graham; and judgment for costs was rendered in favor of Graham and against plaintiff. It thus appears that there was no error in not making the personal representative of McKay a party respondent upon this appeal, as he had no interest that could be affected by this appeal. 3 C. J. 1017; 2 R. C. L. 68.

[2, 3] Upon November 8, 1915, respondent Graham procured an order of this court requiring appellant to show cause why "the record herein should not be stricken from the files of this court." The moving papers disclose that by the term "record" was meant the purported "settled record" from the trial court. The grounds upon which this motion was made were: (1) That no record had been settled by the trial court prior to the denial of the motion for new trial; (2) that no orders had been properly procured extending the time for settling a record in the trial court; (3) that no record had ever been settled in the trial court. No record from the trial court was upon file at the time such order to show cause was granted. The record from the trial court was, by the trial court on November 13, 1915, ordered transmitted to this court; and the same became a file of this court on November 19, 1915. The order to show cause was prematurely sought, but, inasmuch as such record was a file of this court upon the return day of such order, we shall treat such order as though it had been granted after such record was received by this court. Inasmuch as such record contains the judgment roll, the contents of which was sufficiently authenticated without a certificate of the trial judge and which itself might form the basis of an appeal when presented in connection with proper assignments of error—and this regardless of any motion for new trial in the circuit court—it is clear that such record should not be stricken from the files of this court. A different question would have been presented if respondent had sought to have had stricken from the said record only that part thereof which preserved "exceptions taken at a [the] trial," or which presented the question of "insufficinecy of the evidence," or such matters as can only be presented to this court on assignments based upon a record "settled" in accordance with the provisions of chapter 178, Laws 1913.

[4] After the hearing of the above orders to show cause, the appellant procured an order requiring respondents to show cause "why the settled record should not be delivered to appellants' attorneys with leave to present the same within 20 days to the trial judge and with leave granted to such trial judge to recertify to such settled record nunc pro tunc as of the time when the order overruling motion for new trial was made. * * *" It appears that the purported "settled record" was not certified to by the trial

judge at the time the motion for new trial was denied, but that it was certified to after that time. Under the showing made by the parties it remains uncertain why there was such delay in certifying thereto. Furthermore, we are without any sufficient evidence enabling us to determine whether the trial court, in considering the motion for new trial, considered the proposed record which had been prepared by appellant, served on respondents, filed with the clerk, and afterwards certified by the trial judge. It needs no argument to show that, if the trial court upon the motion for new trial considered the proposed record, the specifications of error therein contained, and the insufficiency of the evidence as therein specified, and did not deny the motion for new trial upon the ground that there was no settled record, justice requires that such record be considered by this court upon this appeal. Whether such record was considered by the trial court can only be determined by such court.

It will therefore be the order of this court that all the orders to show cause herein be dismissed, except the last above mentioned; that the purported settled record herein be, by the clerk of this court, returned to the clerk of the trial court; and that the time within which appellant shall file his brief in this court be extended until February 5, 1916, in order that appellant, if he so desires, may apply to the trial court for a certificate settling a record of the proceedings in said court, nunc pro tunc as of the day when the motion for new trial was presented to such court. Nothing said herein should be taken by the trial court as an expression of any view held by this court as to the right of appellant to such nunc pro tunc certificate.

SMITH, J., absent, and taking no part herein.