HARDIN, Respondent, v. ROGERS, Administrator, et al.

(Graham Appellant.)

(159 N. W. 63.)

(File No. 3791.    Opinion filed August 29, 1916.    Rehearing denied November 29, 1916.)

1.  **Damages—Destruction of Papers—Evidence—Sufficiency of—Excessive Damages.**

> In a suit for damages for destruction of divers and sundry papers concerning interests in business, where there was evidence tending to show that the value of the destroyed property exceeded the verdict, and where the evidence of agency of the party who had been placed in possession as care taker and general supervisor of the property by defendant, did not embrace direct proof that the destruction of the papers was due to the principal's instigation, but it did appear that in destroying the papers, the agent was acting within the scope of his employment; there being further evidence tending to show that papers belonging to plaintiff were destroyed, although papers apparently belonging to a third party were also destroyed, **held,** that the evidence sufficiently showed what property was destroyed, ownership by plaintiff, value of the property, and the agency.

2.  **Evidence—Excessive Verdict—Jury, as Against Court's Opinion.**

> While if the Supreme Court had been jurors, it is probable they would not have returned as large a verdict as did the jury, they may not substitute their opinion for that of the jury.

in favor of plaintiff, and from an order denying a new trial, de-

Appeal from Circuit Court, Lawrence County. Hon. JAMES McNENNY, Judge.

Action by James D. Hardin, against Burt Rogers and others, to recover damages for destruction of papers. From a judgment in favor of plaintiff, and from an order denying a new trial defendant Graham appeals. Affirmed.

*Robert N. Ogden,* and *Robert N. Ogden, Jr.,* for Appellant.

*E. C. Strode, John H. Rogers,* and *D. M. Vinsonhaler,* for Respondent.

(1)  To point one of the opinion, Appellant cited: 11 Encyclopedia of Pleading and Practice, 123, Note 3 and cases cited; Ewing v. Lynn 22 S. Dak. 95; Cooley Torts 533, etc; Hardeman v. Williams, 10 L. R. A. (N. S.) 653; Doran v. Thomson, 19 L. R. A. (N. S.) 335; Thiele v. Newman, 48 Pac. 713.

Respondent cited: Cosgrave v. Ogden, 49 N. Y. 255, 10 Am. Rep. 361; Barrett v. Minneapolis, St. P. & S. S. M. Ry. Co., 117 N. W. 1047 (Minn.) 18 L. R. A. N. S. 416, and note, pages 416, et seq.

GATES, J.  The plaintiff was at one time president and general manager of the Branch Mint Mining & Milling Company. Pursuant to litigation (see Phillips v. Branch Mint Mining & Milling Co., 27 S. D. 350, 131 N. W. 308, and Hardin v. Union Trust Co., 191 Fed. 152, 111 C. C. A. 632), the defendant Graham claims to have become the owner of the property of the company.  The plaintiff was in possession, he claims, under an agreement made with a lessee company, known as the Branch Mint Operating Company, which latter company, it is claimed, was not made a party to the litigation.  Plaintiff was ejected from the premises.  Graham took possession, and placed McKay in charge as caretaker and general supervisor.  The evidence on behalf of plaintiff tends to show that McKay burned a lot of valuable papers belonging to plaintiff, which were in the office building upon the premises when Graham took possession.  This action was brought against Graham and McKay to recover damages for the destruction of those papers.  By a second cause of action plaintiff sought to recover damages for an alleged arrest of plaintiff, but as the court took that cause of action from the jury, it need not be further considered, since plaintiff has not appealed.  Verdict and judgment were rendered against both defendants in the sum of $3,500.  From the judgment and an order denying a new trial, defendant Graham appeals.  Subsequently to the entry of judgment, defendant McKay died, and his administrator, Rogers, was substituted as defendant.

[1] Appellant's argument is arranged under seven heads, but all of the propositions urged relate to the claimed insufficiency

of the evidence to sustain the verdict and to the claim that the verdict was excessive. Under the first proposition appellant argues that the evidence was insufficient to show: (a) What property was destroyed; (b) the ownership of the destroyed property by plaintiff; (c) the value of the property; and (d) the agency of McKay. Isolated portions of the testimony justify each of appellant's contentions, but the testimony taken as a whole presented issues for the jury under each of appellant's contentions. There was evidence tending to show that papers belonging to plaintiff were destroyed, although papers apparently belonging to the corporation were also destroyed. There was evidence tending to show that the property of the plaintiff which was destroyed consisted of receipted bills, pay rolls, canceled checks, maps, underground drawings of mines since flooded, memoranda, agreements, correspondence in regard to his lands and leases, correspondence relating to plaintiff's relation with the Branch Mint Mining & Milling Company, and with upwards of 1,500 stockholders to whom plaintiff had sold more than $400,000 of stock in the company, and papers relating to litigation then pending in regard to mining properties. There was evidence tending to show that the value of the destroyed property exceeded the amount of the verdict. As to the agency of McKay, there is no direct proof that the destruction of plaintiff's papers was due to Graham's instigation, but it does appear that Graham employed McKay as caretaker and general supervisor of the property, and that in destroying the papers McKay was acting within the scope of the employment.

[2]     As to the verdict being excessive, we may observe that, if we had been jurors, it is probable we would not have returned as large a verdict as did the jury, but we may not substitute our opinion for that of the jury. A diligent review of the evidence fails to disclose that the jurors were influenced by passion or prejudice in arriving at their verdict. We are not convinced that appellant has not had a fair and impartial trial.

The judgment and order appealed from are affirmed.