HARDIN, Appellant, v. GRAHAM et al., Respondents.

(159 N. W. 895.)

(File No. 3932.   Opinion filed November 13, 1916.   Rehearing denied January 6, 1917.)

1.  **Appeals—Review—Unsettled Record, Scope of Review Under.**
    Where trial court declined to find that the record had actually been settled at the time of motion for new trial, the only portions of the record that the Supreme Court can consider on appeal are such as could be considered on appeal taken solely from the judgment, and not from denial of new trial.

2.  **Real Property—Property Under Foreclosure—Mining Appurtenances—Statute.**
    Under Civ. Code, Sec. 189, providing that sluice boxes, flumes, hose, pipes, railway tracks and certain milling appurtenances and other machinery and tools used in working and developing a mine, are to be deemed affixed to the mine, held, that such appurtenances are real property. So held, where such property is the subject of foreclosure, and the court had ordered receivers to sell the mining appurtenances without the same being subject to redemption.

3.  **Courts—Federal Circuit Court—Decree of Foreclosure Sale Without Redemption—Jurisdiction.**
    A federal circuit court, in a suit to foreclose a mortgage on a mining property and appurtenances, is without power, as

against one claiming as owner, whose right of redemption accrued before foreclosure was begun, to decree a sale of such property, being realty, without right of redemption.

4. **Mortgages—Foreclosure Sale—Redemption, Persons Entitled— Redeeming to Protect Mortgage Lien, Whether—Periods of Title.**

Plaintiff, who purchased mining apparatus, which, under Civ. Code, Sec. 189, is realty, and took a receiver's deed therefor, in proceedings in a state court to enforce superior miners' liens, thereby became owner of the mining company's equity, and as such owner was entitled to redeem from an existing mortgage, notwithstanding the mortgagees redeemed from the receiver's sale, receiving a redemptioner's deed, and then transferred the property to defendant, who also became purchaser at a receiver's sale under a decree of federal court in process of foreclosure of the mortgage; such foreclosure being void because made without right of redemption; it appearing that the money advanced to redeem from the sale under the federal receivership was merely advanced for the purpose of protecting the mortgage lien, which action was inconsistent with an assertion of title; and such title as was thereby obtained was merely incidental to the mortgage; and under such redemption defendant is estopped from asserting title under the sheriff's deed issued upon the receiver's sale in the state court. Held, further, that plaintiff had the right to redeem from the federal receiver's sale without paying or tendering the amount due under the foreclosure decree.

5. **Judgments—Conclusiveness—Collateral Attack, Through State Court, Upon Invalid Federal Court Foreclosure Decree.**

Where a Federal Court had jurisdiction to authorize a foreclosure sale subject to redemption, but was without power to authorize a sale without redemption, a subsequent action in a state court to redeem was not a collateral attack upon such decree.

Appeal from Circuit Court, Lawrence County.     Hon. JAMES McNENNY, Judge.

Action by James D. Hardin, against Walter E. Graham and others, for a decree adjudging plaintiffs' right to redeem from a receivers' sale. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed with directions.

*D. M. Vinsonhaler, E. C. Strode ,John H. Rogers,* and *Howard G. Fuller,* for Appellant.

*Ogden & Ogden,* for Respondents.

(1) To point one of the opinion, Appellant cited: Code Civ. Proc., Sec. 463.

Respondents cited: Brown v. Brown, 12 S. D. 382; Gade v. Collins, 8 S. D. 322.

(3) To point three of the opinion, Appellant cited: Code Civ. Proc., Secs. 373-379; Vol. 17, (2d Ed.) Am. & Eng. Ency. of Law, page 1034; Lacy Coal Mines v. Chicago Coal Company, 131 Ill. 9, 22 N. E. 503, 8 L. R. A. 598; Bruchke et al. v. Wright et al., 46 N. E. (Ill.) 813-819; Smith v. Carnahan, 83 Neb. 667-674; Biglow v. Forrest, 9 Wall. (U. S.) 339; Brine v. Hartford Fire Ins. Co., 96 U. S. 627, 24 L. Ed. 856; Fitch v. Wetherbee, 110 Ill. 475, 492.

(4) To point four of the opinion, Appellant cited: Code Civ. Proc., Secs. 646, 376.

Respondents cited: 34 Cyc. 333; Watkins v. Minnesota Thresher Co., 42 N. W. 892; Mercantile Realty Co. v. Stetson, 94 N. W. 859; Cressler v. Tri-State L. & T. Co., 107 N. E. 68; Juckett v. Fargo Merc. Co., 19 S. D. 150; Joy v. Midland State Bank, 26 S. D. 244; Blaire v. Ill. Steel Co., 42 N. E. 895.

(5) To point five of the opinion, Respondents cited: Juckett v. Fargo Merc. Co., 19 S. D. 244; Brynjolfson v. Ohstus, (N. D.) 96 N. W. 261; Threadgill v. Colcord, 96 Pac. 803; 34 Cyc. 327.

GATES, J. [1] This cause was before this court upon preliminary motions and an opinion was rendered, which is referred to for further particulars, viz., 36 S. D. 525, 155 N. W. 782. Upon the transmission of the record to the trial court that court declined to find that the record had actually been settled at the time of the hearing of the motion for a new trial. We are therefore of the opinion that the only portions of the record that are before us and that we can consider are such as would be before us, and such as we could consider, had the appeal been taken solely from the judgment. We are therefore limited to a consideration of whether the judgment is warranted by the pleadings and the findings of fact.

The matter in dispute relates to the ownership and right of possession of the mining properties of the Branch Mint Mining & Milling Company. Reference is made to Phillips v. Branch Mint Mining & Milling Co., 27 S. D. 350, 131 N. W. 308; Hardin v.

Union Trust Co., 191 Fed. 152, 111 C. C. A. 632; Hardin v. Union Trust Co., 226 U..S. 606, 33 Supt. Ct. 111, 57 L. ed. 379, for a more complete understanding of the case. The decision in the Phillips case resulted in the establishment of the miners' liens as first liens upon the property.

On September 4, 1909, Hardin became the owner of the equity of the mining company in the property by virtue of a receiver's deed issued under receivership proceedings in the state court in the Phillips case.

Long prior to the lien claims and the claim of Hardin, the mining company had mortgaged the property to the Union Trust Company as trustee for the purchasers of a bond issue. In February, 1910, the trustee began foreclosure suit in the then United States Circuit Court for the district of South Dakota, to which Hardin was a party. On July 27, 1910, judgment was entered decreeing foreclosure of the mortgage, which judgment was affirmed in the United States Circuit Court of Appeals decision above referred to, and a writ of certiorari was denied in the United States Supreme Court decision above referred to. From a sale under foreclosure of the miners' liens in the Phillips case, the Union Trust Company became a redemptioner and obtained redemptioner's deed on January 8, 1912. It thereafter deeded the property to John Stokes Adams, who in turn deeded it to Graham on March 24, 1913. The money for such redemption was advanced to the Trust Company by Graham, one of the bondholders. It is conceded by the parties that the certificate of sale under the miners' lien foreclosure was the paramount lien on the property.

During the pendency of the forclosure suit in the federal court two receivers were appointed by that court to take charge of the property, and an order for the sale of the property was made to satisfy certain receivers' certificates issued during the pendency of said suit. (The receivers hereinafter referred to in this opinion are these receivers and not the receivers in the state court hitherto referred to.) Graham obtained a receivers' certificate for the money advanced by him to the trust company to effect the redemption from the Phillips lien sale. At the receivers' sale held on February 5, 1913, Graham became the purchaser, and in satisfaction of his bid of $20,552.64 turned over receivers'

certificates (including the above-mentioned certificate), aggregating $20,472.92, and paid the remainder of his bid in cash. Such sale was by the order of the federal court made without the right of redemption. It was confirmed and a receivers' deed was issued to Graham, which was filed for record in March, 1913. On June 12, 1913, Hardin tendered Graham the sum of $21,-844.20, and served upon him a notice of redemption from said receivers' sale, which tender was refused. Thereupon Hardin brought this action, the purpose of which was in general to have the court adjudge that he had effected a redemption from the sale made by the receivers on February 5, 1913. The trial court concluded that such receivers' sale and deed were valid, and that Hardin's tender was ineffective because he had no right to redeem, and judgment was entered declaring Graham to be the owner of the property. From the judgment and an order denying a new trial Hardin has appealed, but, as we have hitherto shown, we must disregard the appeal from the order denying a new trial.

[2] By section 189, C. C., it is provided:

"Sluice boxes, flumes, hose, pipes, railway tracks, cars, blacksmith shops, mills, and all other machinery or tools used in working or developing a mine, are to be deemed affixed to the mine."

These things are considered to be real property. The important question in this case is, therefore, whether the federal court had authority to authorize the receivers to sell real property without the right of redemption.

Many decisions so hold where the property consists both of real and personal property, and it is not feasible to sell the different kinds of property separately, or where the purpose of the suit is the winding up of the affairs of an insolvent corporation. Hammock v. Farmers' Loan & Tr. Co., 105 U. S. 77, 26 L. ed. 1111; Nat. Foundry & Pipe Works v. Oconto Water Co. (C. C.) 52 Fed. 43; Oconto Water Co. v. Nat. Foundry & Pipe Works, 59 Fed. 20, 7 C. C. A. 603; McKenzie v. Bismarck Water Co., 6 N. D. 361, 71 N. W. 608; Farmers' L. & Tr. Co. v. Ottumwa Nat. Bk. (C. C.) 78 Fed. 881; Pacific N. W. Packing Co. v. Allen, 116 Fed. 312, 54 C. C. A. 648; Merc. Realty Co. v. Stetson, 120 Iowa, 324, 94 N. W. 859; Blair v. Illinois Steel Co.,

159 Ill. 350, 42 N. E. 895, 31 L. R. A. 269. Conceding that in certain cases a court of equity has power to direct the sale of the equity of a corporation in its property without the right of redemption, it is entirely clear that at the time of the receivers' sale the mining company had no equity in this property. Ever since September 4, 1909, Hardin has been the owner of that equity, unless he was deprived thereof by the sheriff's deed to Graham issued under foreclosure of the miners' liens in the Phillips case. Ever since September, 1909, the mining company has had no equity in the property. If said sheriff's deed to Graham deprived Hardin of such equity in the property, then by such deed Graham succeeded to such equity. So that in either event the mining company held no equity in the property at the time of the sale by the federal court receivers. By the laws of South Dakota such a sale as was attempted to be made by the receivers could not deprive Hardin (if he was the owner) or Graham (if he was the owner) of the right of redemption. C. C. P. §§ 373, 375, 376, 646; Locey Coal Mines v. Chicago, W. & V. Co., 131 Ill. 9, 22 N. E. 503, 8 L. R. A. 598. It will be observed that Hardin's title to the mining property became vested long prior to the beginning of the foreclosure suit in the federal court, and therefore long prior to the taking of possession of the property by the receivers. Watkins v. Minn. Thresh. Mfg. Co., 41 Minn. 150, 42 N. W. 862.

The jurisdiction of the federal court was invoked for the purpose of foreclosing the mortgage. When that court appointed receivers in the foreclosure suit such powers as the court could confer on the receivers were powers under and by virtue of the mortgage. Under the mortgage itself no sale could be made which would cut off the right of redemption. Subject to the right of redemption, the court had power to order a sale of the property, to pay the mortgage debt or any claim incidental to the mortgage debt. Although an unusual practice, we do not question the powers of the federal court to order a separate sale of the mortgaged property to raise the amount of the advancements that were made to preserve the property and for the expense of the receivership; but inasmuch as those advancements were merely incidental to the foreclosure of the mortgage, a sale thereunder could give no greater rights than those secured by the

mortgage, at least as against Hardin if he was then the owner of the property. It is clear therefore that no sale could be made either under foreclosure or on account of matters incidental thereto which would cut off the right of redemption of one whose rights became vested prior to the receivership.

[3] Now was Hardin deprived of his equity in the property by the sheriff's deed to Graham under the Phillips sale? Upon the face of the deed he was. Upon consideration of the acts of the parties he was not. By applying to and receiving from the receivers a receivers' certificate for the amount which he advanced to the Union Trust Company to redeem from the Phillips sale, Graham said in effect that he was merely advancing the money for the purpose of protecting the lien of the mortgage. Such action on his part was utterly inconsistent with an assertion of title. His action declared, louder than words, that such title as he got was merely incidental to the mortgage and for its protection. He should therefore be estopped from asserting title under the sheriff's deed issued upon the Phillips sale.

We must therefore hold that Hardin was entitled to redeem from the receivers' sale at the time he made his tender. Inasmuch as the mortgage still stands unforeclosed and rests upon the unexecuted decree of foreclosure, Hardin had the right to redeem from the receivers' sale without paying or tendering the amount due under such decree, which decree will, after redemption is made by him, still stand as an incumbrance upon the property.

[4] But it is urged that this action constitutes a collateral attack upon the orders of the federal court authorizing and confirming the receivers' sale. If Hardin had waited until after the period of redemption had expired, or if the court had authority to order the sale without the right of redemption, there would be much force in respondent's argument. But during the period of redemption to which he was entitled, Hardin tendered the amount necessary to redeem, and this action was brought to enforce that right which was denied to him. The power to authorize a sale by the receivers was within the jurisdiction of the federal court. The power to authorize this particular sale without the right of redemption was not within the jurisdiction of the federal

court. Hence this action does not constitute a collateral attack upon the orders and judgments of that court.

The judgment appealed from is reversed, and the trial court is directed to enter judgment allowing Hardin within a reasonable time to pay into court the amount requisite to redeem from the sale made by the federal court receivers, and that upon such payment title to the premises be decreed to be in him subject to the unexecuted decree of foreclosure hereinbefore referred to. If Hardin shall fail to make such redemption within such reasonable time as the court may direct, then the judgment appealed from may be re-entered.

POLLEY, P. J., not sitting.