HARDIN, Appellant, v. GRAHAM et al., Respondents.

(160 N. W. 850.)

(File No. 3932.    Opinion filed January 6, 1917.)

**Courts—Comity Between Federal and State Courts—Whether Realty,
After Mortgage Sale Redemption, is Encumbered—Federal
Court to Determine, When.**

In a suit for foreclosure of a mortgage, the mortgage trustee
not being a party, brought by a lien claimant to redeem the
property from a sale by Federal Court receiver, in a suit to
foreclose the mortgage, such sale being for the purpose of
satisfying receiver certificates, **held**, that the state court in the

pending suit will not determine whether, after such redemption by plaintiff, the property still stands encumbered by the mortgage, or whether such mortgage still stands unforeclosed, but will leave those questions to be determined by the federal court.    Previous opinion modified.

Appeal from Circuit Court, Lawrence County.    Hon. JAMES McNENNY, Judge.

On petition for rehearing.    Opinion modified, and rehearing denied.

For former opinon, see, 38 S. D. 57, 159 N. W. 859. See, also, 36 S. D. 525, 155 N. W. 782.

*Howard G. Fuller, D. M. Vinsonhaler,* and *E. C. Strode,* for appellant.

*Ogden & Ogden,* for Respondent.

Appellant submitted that:  The court, in deciding this case on appeal, apparently overlooked the fact that the contention on both sides, as to the character of the sale, was intended exclusively to relate to the right of redemption from the sale, and not to any question whether or not the decree was executed; the contention being made on the one hand that the right of redemption existed because this was a foreclosure sale, and upon the other hand that it was a receiver's sale, and hence no right of redemption existed.    Both Graham and Hardin have indicated in every possible manner that the theory of the case did not include the decree as unexecuted or as constituting a lien.    This point being especially significant in connection with the assertion that appellant has not been heard on this subject, presumably relied on the theory of the case as tried below and pleaded, and is taken by surprise in this behalf.

GATES, P. J.    A petition for rehearing has been filed on behalf of appellant, the successful party upon the appeal in this case, the opinion in which appears in 159 N. W. 895, which petition, among other things, attacks the decision for that we held that the mortgage still stands unforeclosed and rests upon the unexecuted decree of foreclosure, and that if redemption is made such decree will stand as an incumbrance upon the property, and that upon redemption the premises be decreed to be in appellant subject to the unexecuted decree of foreclosure.

Upon further consideration and in view of the fact that the Union Trust Company, the trustee for the bondholders, is not a

party to this action, we deem it best to leave to the federal court the determination of whether the mortgage still stands unforeclosed and whether after redemption is made the decree of foreclosure will stand as an incumbrance upon the property and what the rights of the parties will be after such redemption is made. Upon those questions we express no view, and the previous opinion is to that extent modified.

The judgment appealed from is reversed, and the trial court is directed to enter judgment allowing Hardin within a reasonable time to pay into court the amount requisite to redeem from the sale made by the federal court receivers, and that upon such payment it be adjudged that Hardin has made redemption from such receivers' sale. If Hardin shall fail to make such redemption within such reasonable time as the court may direct, then the judgment appealed from may be re-entered. The clerk will tax the costs under the notice therefor and exceptions thereto heretofore filed, and no new notice need be given. The clerk will retain the remittitur for 15 days.

The petition for rehearing is denied.

POLLEY, J., took no part herein.