COUNTY OF GRANT, Appellant, v. JONES, Respondent.

(176 N. W. 38.)

(File No. 4645.   Opinion filed January 30, 1920.

Appeals—Dismissal of Appeal—Brief, Service Within Thirty Days After Filing, But After Thirty Days From Service Of Appeal Notice—Statutes, Court Rulings Construed.

Where appellant's brief was served within thirty days after filing of notice of appeal, but more than thirty days after service thereof, held, under Sec. 3146, Rev. Code 1919, providing that the appeal is deemed taken by service and filing of notice of appeal, and perfected by service of undertaking, etc., and Sec. 5139, providing that upon filing of notice of appeal with circuit clerk, etc., party appealing, shall therewith in order to perfect such appeal, deposit with clerk the fee of Supreme Court clerk, and that circuit clerk shall not accept service of or file notice of appeal until such deposit made, and Rule 5 of Supreme Court, providing that in all civil cases appellant shall within thirty days after notice of appeal, unless, etc., and transmit

to clerk of Supreme Court his brief, etc.—that the words "within thirty days after notice of appeal," in said rule, mean "after the taking of the appeal," or "after the perfecting of the appeal," which phrases are coincident, in view of Secs. 3146, 3150, 3163 and 5139 Rev. Code 1919; therefore, except in cases where record has not been settled and appeal is taken, an appellant has thirty days from the time appeal is perfected within which to serve and transmit his brief; and motion to dismiss appeal is denied.

Appeal from Circuit Court, Grant County. Hon. FRANK ANDERSON, Judge.

Action by County of Grant agaust Robert D. Jones. From an order of the Circuit Court, plaintiff appeals. Upon motion to dismiss appeal. Motion denied.

*Thomas Mani,* for Appellant.

*Robert D. Jones,* and *Case & Case,* for Respondent.

GATES, J. Motion to dismiss appeal on the ground that appellant's brief was not served and filed within 30 days after notice of appeal.

The notice of appeal was served on respondent October 27, 1919, but was not filed in the clerk of court's office until November 12, 1919. Appellant's brief was served and filed December 11, 1919. Section 3146, Revised Code 1919, is in part as follows:

"The appeal shall be deemed to be taken by the service and filing of the notice of appeal and perfected by service of the undertaking for costs, or the deposit of money instead or the waiver thereof, as hereinafter prescribed, and deposit of the fee of the clerk of the Supreme Court as provided in part 3, title 6."

Section 5139, Revised Code 1919 (being found in part 3, title 6, of the Code) provides:

"Upon the filing of a notice of appeal with the clerk of the circuit, municipal or county court, in any action or proceeding, civil or criminal, the party appealing shall therewith, in order to perfect such appeal, deposit with such clerk the fee of the clerk of the Supreme Court as provided by law. The clerk of the trial court shall not accept service of or file any notice of appeal until the deposit of such fee."

Rule 5 (170 N. W. viii) of this court provides:

"In all civil cases the appellant shall, within thirty days after notice of appeal, unless the settled record has not at the time of notice of appeal been completed, and, in the latter case, within thirty days after completion of the settled record, serve upon counsel for each opposing party one copy of his brief, and transmit to the clerk of this court at least fifteen copies thereof."

Counsel for respondent insist that appellant's brief should have been served and transmitted within 30 days after October 27, 1919, the date on which the notice of appeal was served. Perhaps the language of the rule, "within thirty days after notice of appeal," is somewhat loose, but such has been the language since March, 1910. The rule was first promulgated when the predecessor of section 3146, Rev. Code 1919, was in effect, viz., section 441, Rev. Code C. P. That section required the notice of appeal to be served on, as well as filed with, the clerk, a provision now happily dispensed with as a wholly superfluous formality. But under that section a notice of appeal was not effective until served on the clerk of courts. Brannon v. White Lake Tp., 17 S. D. 83, 95 N. W. 284. In Conger v. La Plant, 36 S. D. 111, 153 N. W. 934, the language of the rule was assumed to mean "completed service of the notice of appeal." We think there can be no serious doubt but that the language of the rule should be construed as though it read "after the taking of the appeal," or "after the perfecting of the appeal," which phrases are coincident in view of sections 3146, 3150, 3163 and 5139, Rev. Code 1919. Therefore it is our view, except in cases where the record has not been settled when the appeal is taken, that an appellant has 30 days from the time the appeal is perfected within which to serve and transmit his brief.

The motion is denied.