BURNS, Respondent, v. SPENCE, Appellant.

(212 N. W. 868.)

(File No. 5970.   Opinion filed April 1, 1927.)

1. **Appeal and Error—New Trial—Appeal Must Be Treated as from Judgment Only Where Order Denying New Trial Was Made Before Record Was Settled (Rev. Code 1919, § 2557).**

Where notice of intention to move for new trial stated motion was made on settled record, and order denying a new trial was made before the record was settled, and hence was a nullity, appeal must be treated, in view of Rev. Code 1919, § 2557, as from judgment only.

2. **Appeal and Error—On Appeal from Judgment Only Question to Be Considered Is Whether Findings Support Conclusions of Law and Judgment.**

Where order denying new trial was made before the record was settled, only question to be considered on appeal from

judgment is whether the findings support the conclusions of law and judgment.

3. **Brokers—Findings that Broker Under Contract Produced Purchasers Ready, Willing, and Able to Perform Purchase Contract Held to Sustain Judgment for Broker's Commissions.**

In broker's action for commissions on sale of property, finding that owner executed commission contract with broker, and thereafter entered sale contract with broker's purchasers, who were ready, willing, and able to perform conditions thereof, held to sustain judgment for plaintiff.                                          ᵒ

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 112, 3 C. J. Sec. 287; (2) Appeal and error, Key-No. 864, 3 C. J. Sec. 850; (3) Brokers, Key-No. 88(14), 9 C. J. Secs. 86, 131.

On right of real estate broker to commissions upon producing a purchaser who is ready, willing and able to perform the contract on his part; see annotation in 3 L. R. A. (N. S.) 577; 4 R. C. L. 308; 1 R. C. L. Supp. 1113; 4 R. C. L. Supp. 262; 6 R. C. L. Supp. 249.

Appeal from the Municipal Court of Sioux Falls; Hon. Ransom L. Gibbs, Judge.

Action by Kathryn Burns against A. C. Spence. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.
*Parliman & Parliman,* of Sioux Falls for Respondent.

MORIARTY, C. On March 1, 1924, the appellant' A. C. Spence, held title to certain real property in the city of Sioux Falls. On that day said appellant entered into a certain written contract with the respondent, Kathryn Burns, whereby Spence employed Mrs. Burns to act as his agent in finding a purchaser for said property at a price of $6,500; $3,279.80 of said price to be paid in monthly payments of $43.75 each month, "balance cash, if possible, if not all cash, good security." And by this contract Spence agreed that for making a sale of said property he would pay Mrs. Burns a commission of 5 per cent on the first $3,000, and 2½ per cent on the balance of the gross amount of the sale.

On April 11th Mrs. Burns brought to Spence prospective purchasers for his property in the persons of Flora M. Parker and William E. Parker of Sioux Falls. Spence thereupon entered into a written contract with said Flora M. Parker and William E.

Parker, whereby he agreed to convey to the Parkers the property described in his contract with Mrs. Burns, and to accept as payment therefor two certain lots in Dell Rapids, owned by the Parkers, certain promissory notes to be signed by the Parkers aggregating the sum of $1,000, and the assumption of a mortgage of $3,279.80, payable in monthly payments of $43.75 each, and of certain paving assessments; said mortgage and paving tax being liens incumbering Spence's Sioux Falls property. After the execution of this contract between Spence and the Parkers, Mrs. Burns demanded payment of the commission provided for in her contract with Spence. This demand being refused, Mrs. Burns began this action to recover the commission.

The trial court found that the defendant executed the commission contract with the plaintiff, and thereafter entered into the sale contract with purchasers procured by the plaintiff; that the purchasers were ready, willing, and able to perform the conditions of their contract; and that the defendant had refused to pay to the plaintiff the commission agreed upon.

From these findings the trial court concluded that the plaintiff was entitled to recover judgment against the defendant in the sum of $247.50, and entered judgment accordingly. A motion for a new trial was denied, and from the judgment and the order denying a new trial this appeal is taken.

[1] It appears from the record that no record had been settled at the time the order denying a new trial was made. As the notice of intention to move for a new trial stated that the motion was made upon the settled record, an order made before the record was settled is a nullity, and the appeal herein must be treated as an appeal from the judgment only. Parrott v. City of Hot Springs, 9 S. D. 202, 68 N. W. 329; section 2557, Revised Code of 1919; Hardin v. Graham, 38 S. D. 57, 159 N. W. 895; Pierre & Ft. Pierre B. Ry. Co. v. Stuart, 40 S. D. 473, 168 N. W. 33.

[2] On such appeal the only question which appellant seeks to present in this case, and which can be considered, is whether the findings support the conclusions of law and the judgment. Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874; Foss v. Van Wagenen, 20 S. D. 39, 104 N. W. 606; Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Irwin v. Lattin, 29 S. D. 1, 135 N. W.

769, Ann. Cas. 1914C, 1044; Pierre & Ft. Pierre B. Ry. Co. v. Stuart, supra.

[3]  The findings in this case amply support the conclusions and the judgment, and the judgment appealed from is affirmed.

CAMPBELL, P. J., and POLLEY and BURCH, JJ., concur.

GATES and SHERWOOD, JJ., not sitting.