WARREN, Respondent, v. LINCOLN, et al, Appellants.

(227 N. W. 442.)

(File No. 6948.   Opinion filed November 19, 1929.)

*Waychoff & Waychoff,* of Waynesburg, Pa., *E. P. Wilmarth,* of De Smet, and *Max Royhl,* of Huron, for Appellants.

*Wm. H. Warren,* of De Smet, *Boyce, Warren & Fairbank,* of Sioux Falls, and *E. F. Green,* of De Smet, for Respondents.

BROWN, J.  ▮  Respondents move to dismiss this appeal because it was not taken and perfected within the time limited by statute, and because the motion for a new trial was made and denied before the record was settled; the notice of intention stating that the motion would be made upon a settled record. The judgment was entered on June 23, 1928. The motion for a new trial was denied on March 6, 1929. The notice of appeal was served and filed in the clerk's office on May 4, 1929. The contention that the appeal was not taken within a year from the date of the entry of judgment or within 60 days from the entry of the order denying a new trial is based upon the claim that, while the notice of appeal was served and filed in the office of the clerk of courts before expiration of the time for appeal, yet the fee for the clerk of the Supreme Court had not been paid, and therefore the appeal was not perfected. Rev. Code 1919, § 5139, provides that upon the filing of a notice of appeal with the clerk of the circuit court the party appealing shall therewith deposit, in order to perfect such appeal, the fee of the clerk of the Supreme Court, and the clerk of the trial court shall not accept service of or file any notice of appeal until the deposit of such fee. The clerk of the trial court and one of the appellant's attorneys flatly contradict each other as to whether or not the fee of the clerk of the Supreme Court was so deposited. We do not think it necessary to determine which of the two is correct in this controversy. The clerk of the trial court accepted and filed the notice of appeal, and, having done this, we think in so far as the deposit of the fee of the clerk of the Supreme Court is necessary to perfect the appeal, it should be treated as so de-

posited where the clerk receives and files the notice of appeal. The statute expressly forbids the clerk to file a notice of appeal until such deposit has been made, and, if he files it, he should for the purpose of the appeal be estopped to deny that he received the fee. If the fee is not actually deposited with him, he should return the notice and advise the parties attempting to leave it with him that he could not accept or file it until the fee was paid. Mitchell Fruit & Grocery Company v. Nicholl, 35 S. D. 160, 151 N. W. 279. The motion to dismiss the appeal because not perfected in time is denied.

The notice of intention stated that the motion for a new trial would be made upon a settled record. The order denying a new trial was filed and entered on March 6; 1929, but the record was not settled prior to March 11, 1929. On March 4th, after notice of the time and place of hearing the motion for a new trial had been served upon respondents, they filed written objection to the hearing or consideration of the motion, for the reason that there was no settled record. The absence of a settled record on which to predicate the motion having thus been brought specifically to the attention of attorneys for appellants and the trial court, and respondents not having waived the necessity of having a settled record, the trial court was without authority to hear or determine the motion, and its order made thereon was a nullity, and the appeal must be considered as if from the judgment only. Parrott v. City of Hot Springs, 9 S. D. 202, 68 N. W. 329; Hardin v. Graham, 38 S. D. 57, 159 N. W. 895; Pierre & Fort Pierre B. R. Co. v. Stuart, 40 S. D. 473, 168 N. W. 33; Burns v. Spence, 51 S. D. 154, 212 N. W. 868.

In this state of the record should the appeal from the order denying a new trial be dismissed? In Polluck v. Minneapolis & St. L. R. Co., 43 S. D. 456, 180 N. W. 61, 64, this court, denying a motion to dismiss an appeal on the ground that the trial court had no jurisdiction of the proceedings for new trial, approved the following proposition laid down in the case of Barnhart v. Fulkerth, 92 Cal. 155, 28 P. 221: "Matters occurring prior to an order or judgment cannot be considered on a motion to dismiss an appeal from such order or judgment." This proposition seems logical. But in Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992, and in First Nat. Bank v. Wollman, 51 S. D. 257, 213 N. W. 15,

we held that an appeal from a judgment and an order denying a new trial, in so far as the appeal was from the order, would be dismissed, where the notice of intention to move for a new trial was not served in time. This, it will be seen, is at variance with the proposition that matters occurring prior to an order or judgment cannot be considered on motion to dismiss an appeal from such order or judgment. But, since on appeal from an order denying a new trial the sufficiency of the evidence is reviewable, in consequence of which a great deal of labor and expense is often necessarily incurred in bringing up the evidence, all of which is useless if it turns out that the evidence cannot be reviewed on account of the fatal omission of matters preliminary to the order, it is deemed better to be practical than to be logical, and, on motion timely made, to dismiss the appeal from the order made on the motion for a new trial in such cases, and thus save parties the labor and expense incident to preparing a record and argument on that branch of the appeal.

Adhering to the practice laid down in Fuller v. Anderson and First Nat. Bank v. Wollman, supra, the appeal, in so far as it is an attempt to appeal from the order denying a new trial, is dismissed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.