Unified Judicial System

 

 
 Formatting provided courtesy of State Bar of South Dakota
and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 HTML Code Â© State Bar of South Dakota, 1999

PAUL J. HANSEN, Petitioner and Appellant, v. SOUTH DAKOTA BOARD OF PARDONS AND PAROLES, Appellee. 
South Dakota Supreme Court
Appeal from the Second Judicial Circuit, Minnehaha County, SD Hon. William J. Srstka Jr., Judge #20820--Affirmed 
Michael B. Thompson, Sioux Falls, SD Attorney for Petitioner and Appellant. 
Mark Barnett, Attorney General Gary R. Campbell, Assistant Attorney General, Pierre, SD Attorneys for Appellee. 
Considered on Briefs Sep 13, 1999; Opinion Filed Oct 20, 1999 
PER CURIAM 
[Â¶1] Paul J. Hansen appeals the dismissal of his appeal from a decision by the South Dakota Board of Pardons and Paroles for failure to timely file the appeal. We affirm. 
FACTS AND PROCEDURE 
[Â¶2] Hansen is presently an inmate at the South Dakota State Penitentiary. On August 5, 1998, the Board of Pardons and Paroles revoked his parole and served notice of entry of its decision the following day. On September 3, 1998, Hansen attempted to appeal the Board's decision pursuant to SDCL 1-26-31 by mailing a notice of appeal to the Minnehaha County Clerk's Office and the Attorney General's Office. Fellow inmates assisted Hansen in preparation of his appeal. Hansen did not include a filing fee or application for waiver of this fee with his notice. 
[Â¶3] Because the notice of appeal was not accompanied by fee or application for waiver, the clerk of the circuit court refused to file Hansen's appeal and returned Hansen's notice to William Delaney, an attorney on contract with the state penitentiary to assist inmates with their legal matters. Attorney Delaney conferred with Hansen and subsequently filed an amended notice of appeal and application for waiver of the filing fee on September 11, 1998. This was after the thirty-day deadline for filing an appeal under SDCL 1-26-31. 
[Â¶4] The State filed a motion to dismiss the appeal based on its untimely filing. The circuit court determined that due to the untimeliness of the appeal, it lacked jurisdiction and granted the State's motion. Hansen appeals. 
ANALYSIS AND DECISION 
[Â¶5] The question in this case is whether a filing fee or waiver thereof is required to perfect an appeal under the Administrative Procedures Act? SDCL 1-26-31 provides: 


An appeal shall be taken by serving a copy of a notice of appeal upon the adverse party, upon the agency, and upon the hearing examiner, if any, who rendered the decision, and by filing the original with proof of such service in the office of the clerk of courts of the county in which the venue of the appeal is set, within thirty days after the agency served notice of the final decision or, if a rehearing is authorized by law and is requested, within thirty days after notice has been served of the decision thereon.
Appeals taken under this Act are governed by the rules of civil procedure. SDCL 1-26-32.1. 
[Â¶6] SDCL 16-2-29(3)(j) provides that the clerk of courts shall charge and collect fees for appeals to the circuit court from an action of the state, its officers, boards, agencies and commissions. This fee may be waived on a motion to the court if the moving party is unable to pay the fee. SDCL 16-2-29.2 - 29.4. Absent this waiver, the use of the word "shall" in SDCL 16-2-29 makes payment of the filing fee mandatory. The clerk who refused to file Hansen's appeal without a fee or a waiver also relied on Unified Judicial System policy which provides in pertinent part: 


FILING FEES--Clerks must charge filing fees of everyone who files a lawsuit except that no filing fees are to be charged: 1) for appeals of unemployment benefit claim; 2) attorneys hired by a state institution to pursue a debt; or 3) collection agencies representing a state agency. Collection agencies bringing actions in their own names rather than the names of the signors are to pay filing fees.
UJS Policy Number 5-PJ-94. 
[Â¶7] Although there is no caselaw addressing this issue in appeals under the Administrative Procedures Act, we have decided this question in appeals from the circuit court to this Court. Under a former version of SDCL 16-2-29.1, which governs fees collected by the clerk of the Supreme Court, we held the appeal was not perfected unless and until the fee had been deposited with the circuit court. Grant County v. Jones, 42 SD 489, 176 NW 38 (1920). In a case where the circuit court had filed the notice of appeal without having collected the mandatory filing fee, we held the clerk was estopped from denying he had received the fee for purposes of perfecting the appeal and that the clerk should have returned the notice of appeal and advised the parties he could not accept or file it until the fee was paid. Warren v. Lincoln, 56 SD 62, 227 NW 442 (1929). SDCL 15-26A-4(4) provides that in an appeal to this Court, "[t]he clerk of the trial court shall not accept for filing a notice of appeal unless accompanied by a docketing statement and proof of service of copies thereof on each party ... together with the required statutory filing fees unless exempt by law." (emphasis added). 
[Â¶8] The mandatory language found in SDCL 16-2-29(3)(j) followed by the exceptions in SDCL 16-2-29.2-29.4 provide a similar rule of law in appeals from administrative agencies to the circuit court. Applied to the present case, an appeal to a circuit court from the Board of Pardons and Paroles is not perfected unless and until the filing fee or appropriate waiver is deposited with the clerk of the circuit court. 
[Â¶9] We affirm the order dismissing Hansen's appeal due to its having been untimely filed. 
[Â¶10] MILLER, Chief Justice, and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, Justices, participating.